Mark E. Merin (State Bar No. 043849)
**LAW OFFICE OF MARK E. MERIN**
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:     (916) 447-8336
E-Mail:         mark@markmerin.com

Alan Schlosser (State Bar No. 049957)
Michael T. Risher (State Bar No. 191627)
Linda Lye (State Bar No. 215584)
Novella Coleman (State Bar No. 281632)
**AMERICAN CIVIL LIBERTIES UNION**
  **FOUNDATION OF NORTHERN CALIFORNIA**
39 Drumm Street
San Francisco, California 94111
Telephone:     (415) 621-2493
Facsimile:     (415) 255-1478
E-Mail:         aschlosser@aclunc.org
                mrisher@aclunc.org
                llye@aclunc.org
                ncoleman@aclunc.org

Meredith Wallis (State Bar No. 261457)
1057 East 33rd Street
Oakland, California 94610
Telephone:     (713) 724-4047
E-Mail:         mewallis@stanford.edu

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOSH BAKER, DAVID BUSCHO, SARENA GROSSJAN-NAVARRO, DEANNA JOHNSON, SOPHIA KAMRAN, ELIZABETH LARA, IAN LEE, SOO LEE, EVAN LOKER, THOMAS MATZAT, DARREN NEWELL, CHARLES PARKER, WILLIAM ROBERTS, FATIMA SBEIH, EVKA WHALEY-MAYDA, KASE WHEATLEY, EDWARD GEOFFREY WILDANGER, NOAH WILEY, and JORDAN WILHEIM, | Case No. |
| | **COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS WITH SUPPLEMENTAL CLAIMS FOR VIOLATION OF THE CALIFORNIA STATE CONSTITUTION AND STATUTES** |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| vs. | |
| LINDA KATEHI, Chancellor of the University of California at Davis; RALPH J. HEXTER, Provost and Executive Vice Chancellor of the University of California at Davis; FRED WOOD, Vice Chancellor for Student Affairs at the University of | |

*(Defendants Continued...)*

1

California at Davis; JOHN MEYER, Vice Chancellor of Administration and Resource Management at the University at California at Davis; ANNETTE SPICUZZA, Chief of the University of California at Davis Police Department; JOHN PIKE, Lt. in the University of California at Davis Police Department; and DOES 1 – 50, officers of the University of California at Davis Police Department.

Defendants.

## INTRODUCTION

On November 18, 2011, University of California at Davis campus police attacked a peaceful assembly at the center of the campus quad, arresting many students without probable cause and shooting high-concentration pepper spray directly into the faces of students who were engaging in nonviolent protest. The actions of the police provoked shock and outrage nationally, in part because the video footage was so reminiscent of the infamous images of police in the South using fire hoses to spray and disperse nonviolent student sit-ins during the civil rights movement.

The 19 plaintiffs in this action were protesting university privatization, distribution of resources, tuition hikes, police brutality and other onerous public policies adopted by the University administration and the Board of Regents. Their protest was an integral part of continuing, vigorous assembly and free speech activities which had been conducted by students for weeks at the same time the nationwide Occupy Wall Street movement mobilized thousands nationwide. Seventeen of the plaintiffs were U.C. Davis students at the time; the other two are recent graduates.

This action seeks the following relief: a declaration from the Court that campus policies and practices that led to the abuse of the plaintiffs and others offend both the state and federal constitutional guarantees of the rights to free speech and assembly and that the pepper-spraying and arrests of plaintiffs violated their state and federal constitutional rights; an injunction to prevent repetition of such a response to a non-violent protest; and compensatory and punitive damages against the individual perpetrators of the illegal acts and their superiors who ordered, directed and/or condoned this outrageous conduct..

## I.    JURISDICTION AND VENUE

1.    Because this civil-rights action arises under the United States Constitution, this Court has

2

jurisdiction under 28 U.S.C. §§ 1331 and, 1343(a)(3), (4). This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

2.     At all times pertinent to this Complaint and in taking all of the actions described in this Complaint, Defendants, and each of them, acted and threatened to act under color of state law.

3.     The events giving rise to this action occurring in Yolo County, California which is located within this district.

## II.     PARTIES

4.     Plaintiff ENOSH BAKER graduated from U.C. Davis in 2009 and, at all times material to this Complaint, was teaching on campus and awaiting decision on his graduate program application. He was participating in a peaceful demonstration on the U.C. Davis campus on November 18, 2011, when he was picked up by Defendant U.C. Davis police officers Does 2 and 3, thrown forcefully to the ground, handcuffed behind his back, and illegally arrested. His head struck a sprinkler head during the arrest.

5.     Plaintiff DAVID BUSCHO is a student at U.C. Davis who, while participating in a peaceful assembly on U.C. Davis campus on November 18, 2011, was sprayed repeatedly with pepper spray by Defendant U.C. Davis police officers Lt. John Pike and/or Doe 1 without legal cause or justification.

6.     Plaintiff SARENA GROSSJAN-NAVARRO is a U.C. Davis student who was participating in a peaceful demonstration on the U.C. Davis campus on November 18, 2011, when she was pepper sprayed without legal cause or justification by Defendant U.C. Davis police officer Lt. John Pike and/or Doe 1.

7.     Plaintiff DEANNA JOHNSON is a student at U.C. Davis who was participating in a peaceful demonstration on U.C. Davis campus on November 18, 2011, when she was pepper sprayed without legal cause or justification by Defendant U.C. Davis police officer Lt. John Pike and/or Doe 1.

8.     Plaintiff SOPHIA KAMRAN is a student at U.C. Davis who was participating in a peaceful demonstration on U.C. Davis campus on November 18, 2011, when she was pepper sprayed without legal cause or justification by Defendant U.C. Davis police officer Lt. John Pike and/or Doe 1.

9.     Plaintiff ELIZABETH LARA is a student at U.C. Davis who was participating in a

3

**COMPLAINT; JURY TRIAL DEMANDED**

*Enosh Baker, et al. vs. Linda Katehi, et al.*; United States District Court, Eastern District of California, Case No. _____

peaceful assembly on the U.C. Davis campus on November 18, 2011, when she was illegally arrested by Defendant U.C. Davis police officers Does 16 and 17 and transported to the campus jail.

10.     Plaintiff IAN LEE is a student at U.C. Davis who was participating in a peaceful demonstration on the U.C. Davis campus on November 18, 2011, when he was pepper sprayed by Defendant U.C. Davis police officer Lt. John Pike and/or Doe 1 without legal cause or justification and then pinned to the ground by defendant Pike.

11.     Plaintiff SOO LEE is a student at U.C. Davis who was participating in a peaceful demonstration on the U.C. Davis campus on November 18, 2011, when she was pepper sprayed by Defendant U.C. Davis police officer Lt. John Pike and/or Doe 1 without legal cause or justification.

12.     Plaintiff  EVAN LOKER, at all times material to this complaint, was a student at U.C. Davis and was participating in a peaceful demonstration on the U.C. Davis campus on November 18, 2011, when he was pepper sprayed by Defendant U.C. Davis police officer Lt. John Pike and/or Doe 1 without legal cause or justification.

13.     Plaintiff THOMAS MATZAT is a student at U.C. Davis who was participating in a peaceful demonstration on the U.C. Davis campus on November 18, 2011, when he was selected for illegal arrest, then handcuffed painfully behind his back and grabbed and dragged by Defendant U.C. Davis police officers, Does 23 and 4, to a police car and transported to campus jail.

14.     Plaintiff DARREN NEWELL is a student at U.C. Davis who was participating in a peaceful demonstration on the U.C. Davis campus on November 18, 2011, when he was targeted for illegal arrest.  Two U.C. Davis police officers, defendants Doe 5 and 6, had him stand up and they then handcuffed his hands behind his back, put him into a patrol car and transported him to jail.

15.     Plaintiff CHARLES PARKER is a student at U.C. Davis who was participating in a peaceful demonstration on the U.C. Davis campus on November 18, 2011, when he was targeted for illegal arrest.  Three U.C. Davis police officers, Defendants Does 7, 8, and 9, slammed him to the ground, kneed him and kneeled on him, then handcuffed him behind his back and dragged him to a police car in which he was placed and then driven to the campus jail.  He was denied medical assistance and access to medication while detained in the campus jail.

16.     Plaintiff WILLIAM ROBERTS is a student at U.C. Davis and was participating in a

4

COMPLAINT; JURY TRIAL DEMANDED

*Enosh Baker, et al. vs. Linda Katehi, et al.*; United States District Court, Eastern District of California, Case No. _____

peaceful demonstration on the U.C. Davis campus on November 18, 2011, when he was pepper-sprayed without legal cause or justification by defendant U.C. Davis police officer Lt. John Pike and/or Doe 1.

17.    Plaintiff FATIMA SBEIH is a student at U.C. Davis and was participating in a peaceful demonstration on the U.C. Davis campus on November 18, 2011, when she was pepper sprayed, without legal cause or justification, by defendant U.C. Davis police officer Lt. John Pike and/or Doe 1.

18.    Plaintiff EVKA WHALEY-MAYDA is a student at U.C. Davis and was participating in a peaceful demonstration on the U.C. Davis campus on November 18, 2011, when she was pepper-sprayed, without legal cause or justification, by defendant U.C. Davis police officer Lt. John Pike and/or Doe 1.

19.    Plaintiff KASE WHEATLEY is a student at U.C. Davis and was participating in a peaceful demonstration on the U.C. Davis campus on November 18, 2011, when he was pepper sprayed, without legal cause or justification, by defendant U.C. Davis police officer Lt. John Pike and/or Doe 1, then handcuffed behind his back and falsely arrested by defendant U.C. Davis police officers Does 10 and 11, placed into a police car and transported to the campus jail.

20.    Plaintiff EDWARD WILDANGER is a student at U.C. Davis and was participating in a peaceful demonstration on the U.C. Davis campus on November 18, 2011, when, without legal cause or justification, he was pepper sprayed by defendant U.C. Davis police officer Lt. John Pike and/or Doe 1.

21.    Plaintiff NOAH WILEY is a student at U.C. Davis and was participating in a peaceful demonstration on the U.C. Davis campus on November 18, 2011, when he was pepper sprayed without legal cause or justification by defendant U.C. Davis police officer Lt. John Pike and/or Doe 1, then falsely arrested by defendant U.C. Davis police officers Does 12 and 13 and transported to the campus jail.

22.    Plaintiff JORDAN WILHEIM is a U.C. Davis alumnus who was graduated in the spring of 2011 and was visiting campus on November 18, 2011, when he witnessed and participated in a peaceful demonstration on the U.C. Davis campus.  During that demonstration he was handcuffed behind his back and falsely arrested by U.C. Davis police officers, defendants Does 14 and 15, and then transported to campus jail.

23.    Defendant LINDA KATEHI is the Chancellor of the University of California at Davis. She is sued in her individual and official capacities.

5

COMPLAINT; JURY TRIAL DEMANDED

*Enosh Baker, et al. vs. Linda Katehi, et al.*; United States District Court, Eastern District of California, Case No. _____

24.    Defendant RALPH J. HEXTER is the Provost and Executive Vice Chancellor of the University of California at Davis.  He is sued in his individual and official capacities.

25.    Defendant FRED WOOD is the Vice Chancellor for Student Affairs at the University of California at Davis. He is sued in his individual and official capacities.

26.    Defendant JOHN MEYER is the Vice Chancellor of Administration and Resource Management at the University of California at Davis.  He is sued in his individual and official capacities.

27.    Defendant ANNETTE SPICUZZA is the Chief of the University of California at Davis Police Department.  As a result of the actions described in this complaint Defendant Spicuzza was placed on leave by the University.  She is sued in her individual and official capacities.

28.    Defendant JOHN PIKE is a Lieutenant in the University of California at Davis Police Department. As a result of the actions described in this complaint Defendant Pike was placed on leave by the University.  He is sued in his individual capacity.

29.    Plaintiffs do not know the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs are informed and believe and thereupon allege that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiffs as are alleged herein.  Plaintiffs will amend their complaint to state the names and capacities of Does 1 - 50, inclusive, when the same have been ascertained.

30.    Defendants DOES 1 – 50, inclusive, were all police officers , administrators, and/or other personnel employed by defendant University of California at Davis and, at all times material to this complaint, were acting within the course and scope of their employment and were directly involved in the actions which caused injury and damages to plaintiffs herein.

31.    At all times material hereto, Defendants sued herein were acting under color of state law.

### III.    STATEMENT OF FACTS

32.    On November 16, U.C. Davis students joined others in San Francisco to demonstrate at a scheduled Board of Regents meeting, protesting university privatization, tuition increases, and the brutal treatment of demonstrators on Berkeley's campus the previous week.  They returned to campus and, on November 17, a general assembly of students agreed to set up symbolic tents on the quad and to continue

6

COMPLAINT; JURY TRIAL DEMANDED

*Enosh Baker, et al. vs. Linda Katehi, et al.*; United States District Court, Eastern District of California, Case No. _____

to meet openly, to "occupy the quad" to discuss and study university privatization, tuition hikes, and their relation to other issues of macro political and social importance, and to consider what they could do to change conditions which had brought people together in support of the Occupy Wall Street Movement.

33.    A group of students set up tents on the quad and the "Occupation of the Quad" began. Shortly after the first tents were erected, U.C. Davis administrative employees delivered to some of the students on the quad a notice that included a campus "no overnight camping" policy.  The notice was discussed and the group concluded that they were symbolically "occupying the quad" in support of and in solidarity with the 99% championed by the Occupy Wall Street movement.

34.    On the evening of November 17, the Associated Students of the University of California at Davis (ASUCD) endorsed the "occupation of the quad."

35.    On November 18, in the afternoon, Defendant Police Chief SPICUZZZA, accompanied by a Doe Defendant, delivered a letter from Defendant Chancellor KATEHI directing students to remove the tents by 3:00 p.m. "in interest of safety, respect for our campus environment and in accordance with our Principles of Community."

36.    Students held another assembly, discussed the letter the Chancellor had delivered, and many decided to remove their tents and did so.  Others resolved to remain.

37.    Shortly before 3:00 p.m., a large number of police in riot gear armed with long batons, pepper-ball guns and other weapons were seen massing in formation adjacent to the quad.  The students moved the remaining tents to the circle on the Centennial Walk, a concrete pathway in the middle of the campus quad, and stood around them.

38.    The officers advanced on the students as can be seen on any number of videotapes.  They began pushing students away, or throwing them to the ground. Some of the officers disassembled or destroyed the tents.  As the tents were being removed, students sat down in a large circle.  Classes were letting out and hundreds of additional students swarmed out of their buildings to watch what was happening.

39.    The campus officers pointed to specific students, arrested them and began grabbing them and hauling them off to jail.  Plaintiff ENOSH BAKER was the first to be grabbed and thrown to the ground by two police officers, Defendants DOE 2 and DOE 3.  He hit his head on a sprinkler fixture as

7

COMPLAINT; JURY TRIAL DEMANDED

*Enosh Baker, et al. vs. Linda Katehi, et al.*; United States District Court, Eastern District of California, Case No. _____

he was thrown to the ground and his hands were tightly zip tied together behind his back as he was taken into custody and placed into a police car.

40.     Plaintiff CHARLES PARKER was targeted by three police officers, Defendants DOE 7, DOE 8, and DOE 9 grabbed him.  His hands were painfully zip tied behind his back, exacerbating a prior military combat injury, and he was placed into a police car where he joined BAKER and plaintiff ELIZABETH LARA.

41.     Plaintiff LARA had arrived immediately prior to the police advancing on those students standing around the circle and joined the circle.  When the police reached the crowd she was thrown to the ground by Defendant police officers DOES 16 and 17, her hands were zip tied behind her, and she was arrested and taken to the police car which then transported her, PARKER and BAKER to the police station. Plaintiffs' hands were all zip tied, some zip ties were particularly tight, cutting off blood flow, but the jailers did not have the special equipment needed to cut the plastic ties.  Eventually, the zip ties were cut and removed.

42.     As the group of students was being pushed by officers, students began to sit down in a line.  Officers were stepping over the seated students, who did nothing to stop them. Then Defendant PIKE ordered the students to leave or stated they would be "shot." As is discernible from audio tapes of his reaction, Plaintiff WHEATLEY responded: "You're going to shoot us if we don't leave?"

43.     Defendant PIKE then shook a canister of pepper spray like a can of aerosol paint, stepped over the line of sitting, crouching students and walked up and down the line repeatedly dousing Plaintiffs with orange colored pepper spray, mostly from a distance of one-to-two feet.  Students watching the scene screamed or shouted: "Shame."

44.     Another officer, Doe 1, then approached the line of seated demonstrators from behind and began spraying them with a separate canister of pepper spray.

45.     Documents that the University of California has subsequently released in response to a request for public records indicate that the substance used was Defense Technology's MK-9 Magnum spray, with a major Capsaicinoid concentration of .7%.  The single page of manufacturer's information that the University was able to provide states that the minimum recommended distance for this formulation is 6 feet.  The University states that it has no other package inserts, warnings, or instructions

8

**COMPLAINT; JURY TRIAL DEMANDED**

*Enosh Baker, et al. vs. Linda Katehi, et al.*; United States District Court, Eastern District of California, Case No. _____

relating to this product, although California law requires that all such substances sold in California be accompanied by printed instructions for use, first aid information, and safety information. *See* Ca. Penal Code § 22810(e)(4), (f) (former § 12403.7).

46.     Plaintiff MATZAT's hands were zip-tied behind his back and he was arrested along with Plaintiff WHEATLEY who had been pepper-sprayed and both had been transferred to jail by Defendants Does 23, and 4 and 18 and 19, respectively.

47.     Plaintiffs BUSCHO, GROSSJAN-NAVARRO, JOHNSON, KAMRAN, IAN LEE, SOO LEE, LOKER, ROBERTS, SBEIHN, WHALEY-MAYDA and WILDANGER were pepper sprayed by Defendant PIKE and Doe Officers and left to deal with their burning eyes, faces and skin.  Neither the University nor the police provided adequate medical attention on the scene to any of the students who had been sprayed.

48.     Members of the campus student body administered first aid to Plaintiffs who could not see and were disoriented.  Plaintiff WHALEY-MAYDA was transported by ambulance to the hospital where her eyes were irrigated and a skin rash from the pepper spray was treated.

49.     As reported by the University, ten persons were arrested, all on the same charges: Failure to Disperse from as Unlawful Assembly (Cal. Penal Code § 409).  They were released after several hours and all were assigned the same court date for arraignment, January 31, 2012.  Prior to that date, however, the District Attorney of Yolo County announced that no complaints would be filed against any of the persons arrested.  As of the filing of this complaint none of the plaintiffs has been charged with any crime arising out of the November 18 protest.

50.     At the time campus police started arresting people, a large number of students had gathered in a non-violent assemblage, which remained so but for the violence used by Defendant police officers, PIKE and Does 1 to 50, inclusive, to arrest non-resisting persons.  All of those persons, who assembled, including plaintiffs who were pepper sprayed, were illegally required to disperse from the campus quad by helmeted police enforcing their erroneous decision that the gathering was unlawful.

51.     The decision to declare the assemblage of students on the quad at 3:00 p.m. on November 18, 2011, unlawful, was made by defendants, KATEHI, HEXTER, WOOD, MEYER and SPICUZZA, acting in concert, and executed by defendants PIKE and Defendant DOES 1 through 50, inclusive.

9

**COMPLAINT; JURY TRIAL DEMANDED**

*Enosh Baker, et al. vs. Linda Katehi, et al.*; United States District Court, Eastern District of California, Case No. _____

There was no legal cause to disperse the assembly, and the declaration of an unlawful assembly violated the plaintiffs' rights of freedom of speech and assembly guaranteed by the First Amendment to the United States Constitution and the Liberty of Speech Clause of the California Constitution.

52.    Defendants KATEHI, HEXTER, WOOD, MEYER and SPICUZZA had an affirmative duty to properly screen, train and supervise defendants PIKE and DOE Defendants 1 through 50, but failed to do so, resulting in the actions and violations of the rights of Plaintiffs and others described herein.

53.    Defendants KATEHI, HEXTER, WOOD, MEYER and SPICUZZA failed properly to investigate the background of Defendant PIKE who was not qualified for the position he held, and failed to terminate him when his lack of qualifications became known; as a result of the negligent hiring and retention of Defendant PIKE he was enabled personally to commit the violations described herein and to supervise and direct defendants DOES 1 through 50 in the commission of the acts and violations described herein.

54.    All of the plaintiffs, as well as others who may be joined to this action when they come forward, were injured by being deprived of their rights to assemble and to speak freely, and by being arrested and/or pepper sprayed and subjected to other acts of excessive force by defendants and each of them.  Such injuries included physical pain and suffering, deprivations of liberty, and infliction of emotional distress.

55.    The actions of Defendants, and each of them, were intentional and malicious in that the pepper spraying and arrest of peacefully assembled students on their college campus was so clearly in violation of established state and federal law that no inference other than that the Defendants acted maliciously with intent to injure and to deprive plaintiffs of their constitutional rights  can be drawn, entitling Plaintiffs, and each of them, to awards of punitive damages in amounts to be determined at trial.

56.    On information and belief, certain plaintiffs were targeted by the police for forcible arrests based on their past political activism and associations at the University.

57.    The actions of Defendants, and each of them, have had a chilling effect on the willingness of Plaintiffs to exercise their free-speech rights in areas under Defendants' control, causing Plaintiffs continuing injury that cannot be redressed by damages.

10

COMPLAINT; JURY TRIAL DEMANDED

*Enosh Baker, et al. vs. Linda Katehi, et al.*; United States District Court, Eastern District of California, Case No. _____

## IV.    COUNT ONE
### Violation of the First Amendment to the United States Constitution (42 U.S.C. § 1983)

58.    Plaintiffs reallege and incorporate herein, as if stated in full, each and every of the allegations contained in paragraphs 1 through 56, inclusive.

59.    In prior years, Defendants and each of them, as well as their predecessors in their positions, permitted assemblies, demonstrations and protests on campus which included the erection of structures such as tents and domes, when the message and speakers were less controversial.  In contrast, Defendants and each of them took the actions to disperse the lawful assembly on November 18, and to pepper spray and arrest students because of the demonstration's message and who was delivering it.

60.    By interfering, including through the use of excessive force, Plaintiffs' peaceful protest, the actions of defendants and each of them violated the rights of Plaintiffs and each of them guaranteed to them by the First Amendment to the United States Constitution and caused them on-going irreparable injury and damage, as stated above.

61.    WHEREFORE, Plaintiffs pray for relief as stated below.

## V.    COUNT TWO
### Violation of the Fourth Amendment to the United States Constitution (42 U.S.C. § 1983)

62.     Plaintiffs reallege and incorporate herein, as if stated in full, each and every of the allegations contained in paragraphs 1 through 57, inclusive.

63.    In ordering, directing, approving, condoning, and executing the pepper spraying of Plaintiffs, the arrest of Plaintiffs, the physical removal of Plaintiffs, and/or the use of excessive force against Plaintiffs, the Defendants, and each of them, violated the prohibitions contained in the Fourth Amendment to the United States Constitution against unreasonable search or seizure, as a result of which plaintiffs, and each of them, were injured as stated above.

64.    WHEREFORE, Plaintiffs pray for relief as stated below.

## VI.    COUNT THREE
### Violation of the 14th Amendment to the Unites States Constitution (42 U.S.C. § 1983)

65.    Plaintiffs reallege and incorporate herein by this reference, as if set out in full, each and every allegation contained in paragraphs 1 through 57, inclusive.

11

66.    Personal possessions of Plaintiffs, including tents, were taken and destroyed by defendants, and each of them, without due process in violation of the 14th Amendment to the United States Constitution which prohibits the taking of property without due process of law.

67.    WHEREFORE, plaintiffs pray for relief as stated below.

## VII.    COUNT FOUR
### Violation of Article 1 §§ 2 of the California State Constitution – Freedom of Speech

68.    Plaintiffs reallege and incorporate herein by this reference, as if set out in full, each and every allegation contained in paragraphs 1 through 57, inclusive.

69.    Article 1 § 2 of the California State Constitution guarantees the right to speak freely. By committing the acts alleged herein, Defendants, and each of them, violated the rights of Plaintiffs herein to free speech.

70.    WHEREFORE, Plaintiffs pray for relief as stated below.

## VIII.    COUNT FIVE
### Violation of Article 1 § 3 of the California State Constitution – Freedom of Petition & Assembly

71.    Plaintiffs reallege and incorporate herein by this reference, as if set out in full, each and every allegation contained in paragraphs 1 through 57, inclusive.

72.    Article 1 § 3 of the California State Constitution guarantees the People the right to freedom of assembly and to petition for redress. By committing the acts alleged herein, Defendants, and each of them, violated the rights of Plaintiffs herein to freely assemble and to petition.

73.    WHEREFORE, Plaintiffs pray for relief as stated below.

## IX.    COUNT SIX

### Violation Article 1 § 13 of the California State Constitution – Unlawful Seizure

74.    Plaintiffs reallege and incorporate herein by this reference, as if set out in full, each and every allegation contained in paragraphs 1 through 57.

75.    In ordering, directing, approving, condoning, and executing the pepper spraying of Plaintiffs, the arrest of Plaintiffs, the physical removal of Plaintiffs, and/or the use of excessive force against Plaintiffs, the Defendants, and each of them, violated the prohibitions contained in the Fourth

12

Amendment to the United States Constitution against unreasonable search or seizure, as a result of which plaintiffs, and each of them, were injured as stated above..

76.    WHEREFORE Plaintiffs pray for relief as stated below.

### X.    COUNT SEVEN

### False Arrest/Imprisonment and Violation of § 836(a) of the California Penal Code

77.    Plaintiffs reallege and incorporate herein by this reference, as if set out in full, each and every allegation contained in paragraphs 1 through 57.

78.    By arresting Plaintiffs without probable cause and for misdemeanor offenses not committed in the presence of the arresting officer at the time of the offense, Defendants violated Plaintiffs rights under California law.

79.    WHEREFORE Plaintiffs pray for relief as stated below.

### XI.    COUNT EIGHT

### Violation of § 52.1 of the California Civil Code (Bane Act)

80.    Plaintiffs reallege and incorporate herein by this reference, as if set out in full, each and every allegation contained in paragraphs 1 through 71.

81.    By dispersing the student assembly on the U.C. Davis quad on November 18, and by pepper spraying and/or falsely arresting Plaintiffs, Defendants and each of them through coercive force, violated federal and state constitutional and statutory rights guaranteed to Plaintiffs and thereby became liable for the damages Plaintiffs suffered, as well as treble damages, statutory damages, penalties, and attorneys' fees.

82.    WHEREFORE Plaintiffs pray for relief as stated below.

### XII.    COUNT NINE

### Violation of § 845.6 of the California Government Code – failure to provide medical care

83.    Plaintiffs reallege and incorporate herein by this reference, as if set out in full, each and every allegation contained in paragraphs 1 through 57.

84.    By failing to provide or summon medical care for persons whom they had taken to jail and who they had reason to know needed immediate medical care, Defendants violated Plaintiffs' rights

13

**COMPLAINT; JURY TRIAL DEMANDED**

*Enosh Baker, et al. vs. Linda Katehi, et al.*; United States District Court, Eastern District of California, Case No. _____

under § 845.6 of the California Government Code.

85.    WHEREFORE Plaintiffs pray for the following relief:

## XIII.   PRAYER

1.    Injunctive relief under federal law;

2.    Declaratory relief under federal law;

3.    Compensatory Damages under state and federal law;

4.    Punitive, Exemplary, and Statutory Damages under state and federal law;

5.    Attorney's Fees under state and federal law;

6.    Costs under state and federal law; and

7.    Such other and further relief as to this Court may deem just and proper.

## XIV.   JURY TRIAL DEMANDED

Plaintiffs hereby demand a jury trial in this action.


DATED: February 22, 2012                    Respectfully Submitted,


                                            /s/ "Mark E. Merin"
                                    By: _____
                                            Mark E. Merin (State Bar No. 043849)
                                            **LAW OFFICE OF MARK E. MERIN**
                                            1010 F Street, Suite 300
                                            Sacramento, California 95814
                                            Telephone:    (916) 443-6911
                                            Facsimile:    (916) 447-8336

                                            Alan Schlosser (State Bar No. 049957)
                                            Michael Risher (State Bar No. 191627)
                                            Linda Lye (State Bar No. 215584)
                                            Novella Coleman (State Bar No. 281632)
                                            **AMERICAN CIVIL LIBERTIES UNION**
                                             **FOUNDATION OF NORTHERN CALIFORNIA**
                                            39 Drumm Street
                                            San Francisco, California 94111
                                            Telephone:    (415) 621-2493
                                            Facsimile:    (415) 255-1478

                                            Meredith Wallis (State Bar No. 261457)
                                            1057 East 33rd Street
                                            Oakland, California 94610
                                            Telephone:    (713) 724-4047

                                            Attorneys for Plaintiffs

14

**COMPLAINT; JURY TRIAL DEMANDED**

*Enosh Baker, et al. vs. Linda Katehi, et al.*; United States District Court, Eastern District of California, Case No. _____