CROWELL & MORING LLP
J. Daniel Sharp (CSB No. 131042, dsharp@crowell.com)
Kevin P. O'Brien (CSB No. 215148, kobrien@crowell.com)
Suzanne E. Rode (CSB No. 253830, srode@crowell.com)
275 Battery Street, 23rd Floor
San Francisco, CA  94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

**P O R T E R  |  S C O T T**

A PROFESSIONAL CORPORATION
Nancy J. Sheehan, (CSB No. 109419, nsheehan@porterscott.com)
Terence J. Cassidy, (CSB No. 099180, tcassidy@porterscott.com)
Katherine L.M. Mola, (CSB No. 264625, kmola@porterscott.com)
350 University Avenue, Suite 200
Sacramento, California 95825
Telephone: 916.929.1481
Facsimile: 916.927.3706

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ENOSH BAKER, DAVID BUSCHO, SARENA GROSSJAN-NAVARRO, DEANNA JOHNSON, SOPHIA KAMRAN, ELIZABETH LARA, IAN LEE, SOO LEE, EVAN LOKER, THOMAS MATZAT, DARREN NEWELL, CHARLES PARKER, WILLIAM ROBERTS, FATIMA SBEIH, EVKA WHALEY-MAYDA, KASE WHEATLEY, EDWARD GEOFFREY WILDANGER, NOAH WILEY, and JORDAN WILHEIM,

Plaintiffs,

v.

LINDA KATEHI, Chancellor of the University of California at Davis; RALPH J. HEXTER, Provost and Executive Vice Chancellor of the University of California at Davis; FRED WOOD, Vice Chancellor for Student Affairs at the University of California at Davis; JOHN MEYER, Vice Chancellor of Administration and Resource Management at the University at California at Davis; ANNETTE SPICUZZA, Chief of the University of California at Davis Police

Case No. 12-cv-00450-JAM-EFB

**STIPULATED JOINT PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

1  Department; JOHN PIKE, Lt. in the
   University of California at Davis Police
2  Department; and DOES 1-50, officers of the
   University of California at Davis Police
3  Department,

4                    Defendants.

5

6      1.     **PURPOSES AND LIMITATIONS**

7          Disclosure and discovery activity in this action are likely to involve production of

8  confidential, proprietary, or private information for which special protection from public

9  disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

10 Accordingly, the parties hereby stipulate to and petition the Court to enter the following

11 Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket

12 protections on all disclosures or responses to discovery and that the protection it affords from

13 public disclosure and use extends only to the limited information or items that are entitled to

14 confidential treatment under the applicable legal principles. The parties further acknowledge, as

15 set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file

16 confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be

17 followed and the standards that will be applied when a party seeks permission from the Court to

18 file material under seal.

19     2.     **DEFINITIONS**

20         2.1    Challenging Party: a Party or Non-Party that challenges the designation of

21 information or items under this Order.

22         2.2    "CONFIDENTIAL" Information or Items: information (regardless of how

23 it is generated, stored or maintained) or tangible things that qualify for protection under Federal

24 Rule of Civil Procedure 26(c).

25         2.3    Counsel (without qualifier): Counsel of Record (as well as their support

26 staff).

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW
                              -1-                  STIPULATED JOINT PROTECTIVE ORDER;
                                                   CASE NO. 12-CV-00450-JAM-EFB

PDF created with pdfFactory trial version www.pdffactory.com

2.4     Counsel of Record: attorneys who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Party: any party to this action, including all of its consultants, retained experts, and Counsel of Record (and their support staffs).

2.10    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11    Professional Vendors: persons or entities that provide litigation support services (*e.g.,* photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.13    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

//

PDF created with pdfFactory trial version www.pdffactory.com

3.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.,* to

PDF created with pdfFactory trial version www.pdffactory.com

1  unnecessarily encumber or retard the case development process or to impose unnecessary

2  expenses and burdens on other parties) expose the Designating Party to sanctions.

3       If it comes to a Designating Party's attention that information or items that it designated

4  for protection do not qualify for protection, that Designating Party must promptly notify all other

5  Parties that it is withdrawing the mistaken designation.

6            5.2       Manner and Timing of Designations

7       Except as otherwise provided in this Order (*see, e.g.,* second paragraph of Section 5.2(a)

8  below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

9  protection under this Order must be clearly so designated before the material is disclosed or

10  produced.

11       Designation in conformity with this Order requires:

12       a)       for information in documentary form (*e.g.,* paper or electronic documents, but

13  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

14  Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a

15  portion or portions of the material on a page qualifies for protection, the Producing Party also

16  must clearly identify the protected portion(s) (*e.g.,* by making appropriate markings in the

17  margins).

18       A Party or Non-Party that makes original documents or materials available for inspection

19  need not designate them for protection until after the inspecting Party has indicated which

20  material it would like copied and produced. During the inspection and before the designation, all

21  of the material made available for inspection shall be deemed "CONFIDENTIAL." After the

22  inspecting Party has identified the documents it wants copied and produced, the Producing Party

23  must determine which documents, or portions thereof, qualify for protection under this Order.

24  Then, before producing the specified documents, the Producing Party must affix the

25  "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or

26  portions of the material on a page qualifies for protection, the Producing Party also must clearly

27  identify the protected portion(s) (e.g., by making appropriate markings in the margins).

28       b)       for testimony given in deposition or in other pretrial or trial proceedings, that the

PDF created with pdfFactory trial version www.pdffactory.com

1    Designating Party identify on the record, before the close of the deposition, hearing, or other

2    proceeding, all protected testimony.

3            c)        for information produced in some form other than documentary and for any other

4    tangible items, that the Producing Party affix in a prominent place on the exterior of the

5    container or containers in which the information or item is stored the legend

6    "CONFIDENTIAL." If only a portion or portions of the information or item warrant

7    protection, the Producing Party, to the extent practicable, shall identify the protected

8    portion(s).

9            5.3        Inadvertent Failures to Designate

10   If timely corrected, an inadvertent failure to designate qualified information or items does

11   not, standing alone, waive the Designating Party's right to secure protection under this Order for

12   such material. Upon timely correction of a designation, the Receiving Party must make

13   reasonable efforts to assure that the material is treated in accordance with the provisions of this

14   Order.

15       6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

16           6.1        Timing of Challenges

17   Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless

18   a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid

19   foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or

20   delay of the litigation, a Party does not waive its right to challenge a confidentiality designation

21   by electing not to mount a challenge promptly after the original designation is disclosed.

22           6.2        Meet and Confer

23   The Challenging Party shall initiate the dispute resolution process by providing written

24   notice of each designation it is challenging and describing the basis for each challenge. To avoid

25   ambiguity as to whether a challenge has been made, the written notice must recite that the

26   challenge to confidentiality is being made in accordance with this specific paragraph of the

27   Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin

28   the process by conferring directly (in voice-to-voice dialogue; other forms of communication are

PDF created with pdfFactory trial version www.pdffactory.com

1   not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party

2   must explain the basis for its belief that the confidentiality designation was not proper and must

3   give the Designating Party an opportunity to review the designated material, to reconsider the

4   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

5   designation. A Challenging Party may proceed to the next stage of the challenge process only if it

6   has engaged in this meet and confer process first or establishes that the Designating Party is

7   unwilling to participate in the meet and confer process in a timely manner.

8              6.3   <u>Judicial Intervention</u>

9        If the Parties cannot resolve a challenge without court intervention, the Designating Party

10   shall file and serve a motion to retain confidentiality (in compliance with Civil Local Rule 141, if

11   applicable) within 21 days of the initial notice of challenge or within 14 days of the parties

12   agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each

13   such motion must be accompanied by a competent declaration affirming that the movant has

14   complied with the meet and confer requirements imposed in the preceding paragraph. Failure by

15   the Designating Party to make such a motion including the required declaration within 21 days (or

16   14 days, if applicable) shall automatically waive the confidentiality designation for each

17   challenged designation. In addition, the Challenging Party may file a motion challenging a

18   confidentiality designation at any time if there is good cause for doing so, including a challenge to

19   the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to

20   this provision must be accompanied by a competent declaration affirming that the movant has

21   complied with the meet and confer requirements imposed by the preceding paragraph.

22        The burden of persuasion in any such challenge proceeding shall be on the Designating

23   Party. Frivolous challenges, and those made for an improper purpose (*e.g.,* to harass or impose

24   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

25   sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

26   file a motion to retain confidentiality as described above, all parties shall continue to afford the

27   material in question the level of protection to which it is entitled under the Producing Party's

28   designation until the Court rules on the challenge.

PDF created with pdfFactory trial version www.pdffactory.com

7.      **ACCESS TO USE OF PROTECTED MATERIAL**

7.1     Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a)      the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

b)      the officers and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d)      the Court and its personnel;

e)      court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

PDF created with pdfFactory trial version www.pdffactory.com

f)       during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

g)       the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.       **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

a)       promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b)       promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c)       cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

PDF created with pdfFactory trial version www.pdffactory.com

9.     **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

a)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

b)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c)     make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[1]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

//

//

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

PDF created with pdfFactory trial version www.pdffactory.com

10.     **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     **<u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

It is agreed that inadvertent production of documents or information subject to the attorney-client privilege or work product immunity does not waive the attorney-client privilege or work-product immunity with respect to such production or with respect to other materials or information referred to in the materials produced if a request for return of such documents or information is made reasonably promptly after the Producing Party learns of its inadvertent production. After receiving such a request, the Receiving Party must promptly return or destroy the specified information and any copies it has and may not use or disclose the information. Notwithstanding the previous sentence, if the Receiving Party wishes to challenge the designation of the information as privileged or work product, it must sequester the information and promptly present the information to the Court under seal for a determination of the claim; it may not otherwise use or disclose the information until the challenge is ruled upon by the Court, and if the Court rules that the privilege or work product is legitimate, the information must be immediately returned or destroyed. Although the Receiving Party remains free to challenge the designation of the material as privileged or work product, the Receiving Party may not rely on the inadvertent production as the basis for waiver (in contrast to reliance on the use of the allegedly privileged information as exhibits without objection). Nothing in this paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of privilege has been made.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-10-

STIPULATED JOINT PROTECTIVE ORDER;
CASE NO. 12-CV-00450-JAM-EFB

PDF created with pdfFactory trial version www.pdffactory.com

12.   **MISCELLANEOUS**

12.1   Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 141(g) unless otherwise instructed by the Court.

13.   **FINAL DISPOSITION**

Subject to subsections (a) and (b), within sixty (60) days after all issues of the case have been resolved and any right to appeal has lapsed, unless otherwise agreed to in writing by Counsel for the Designating Party, each Party, at its sole discretion, shall either: (1) destroy all Protected Material and certify, in writing to the party or third-party witness or entity from whom the Protected Material was obtained, that all such material was destroyed; or (2) assemble and return all Protected Material, including all copies and extracts thereof, to the party or third-party witness or entity from whom the Protected Material was obtained. As used

PDF created with pdfFactory trial version www.pdffactory.com

1  in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

2  summaries, and any other format reproducing or capturing any of the Protected Material.

3       Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,

4  deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

5  exhibits, expert reports, attorney work product, and consultant and expert work product, even if

6  such materials contain Protected Material. Any such archival copies that contain or constitute

7  Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

8       Counsel of Record may retain Protected Material if required to do so by law (*e.g.,* if the

9  documents are subject to a litigation hold or if the documents are subject to a subpoena), provided

10  that Counsel notifies the Designating Party of the reasons why the materials will not be destroyed

11  or returned. The Designating Party retains the right to dispute Counsel of Record's decision to

12  preserve the documents.

13       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.  All parties have

14  consented to the electronic filing of this document.

15       [signature on following page]

16

17

18

19

20

21

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-12-

STIPULATED JOINT PROTECTIVE ORDER;
CASE NO. 12-CV-00450-JAM-EFB

PDF created with pdfFactory trial version www.pdffactory.com

1    Dated: June 11, 2012                    PORTER SCOTT LLP
2                                            CROWELL & MORING LLP

3
                                             By:  /s/  J. Daniel Sharp
4                                                 J. Daniel Sharp
                                                  Attorneys for Defendants
5

6    Dated: June 11, 2012                    LAW OFFICES OF MARK E. MERIN
                                             AMERICAN CIVIL LIBERTIES UNION
7                                            FOUNDATION OF NORTHERN CALIFORNIA

8

9                                            By:  /s/ Mark E. Merin
                                                  Mark E. Merin
10                                                Attorneys for Plaintiffs

11
     Dated: June 11, 2012                    CARROLL BURDICK & MCDONOUGH LLP
12

13
                                             By:  /s/ Jason H. Jasmine
14                                                Jason H. Jasmine
                                                  Lina Balciunas Cockrell
15                                                Attorneys for Defendant Annette Spicuzza

16

17   Dated: June 11, 2012                    LACKIE DAMMEIER & MCGILL APC

18

19                                           By:  /s/ Russell Mark Perry
                                                  Michael Andrew McGill
20                                                Russell Marc Perry
                                                  Christopher Lee Gaspard
21                                                John H. Bakhit
                                                  Attorneys for Defendant John Pike
22

23   PURSUANT TO STIPULATION, IT IS SO ORDERED.

24   Dated:  6/11/2012
                                             /s/ John A. Mendez
25                                           JOHN A. MENDEZ
                                             UNITED STATES DISTRICT COURT JUDGE
26

27

28

CROWELL
& MORING LLP            -13-                  STIPULATED JOINT PROTECTIVE ORDER;
ATTORNEYS AT LAW                             CASE NO. 12-CV-00450-JAM-EFB

1

**<u>EXHIBIT A</u>**

2

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

3

4

_____, residing at _____

5

declares under penalty of perjury that I have read in its entirety and understand the terms and

6

restrictions of the Joint Protective Order that was issued by the United States District Court for

7

the Eastern District of California on _____in the case of *Baker, et al. v. Katehi, et*

8

*al.*, Case No. 12-cv-00450-JAM-EFB. I agree to comply with and to be bound by all the terms of

9

this Joint Protective Order and I understand and acknowledge that failure to so comply could

10

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

11

not disclose in any manner any information or item that is subject to this Joint Protective Order to

12

any person or entity except in strict compliance with the provisions of this Order.

13

I further agree to submit to the jurisdiction of the United States District Court for the

14

Eastern District of California for the purpose of enforcing the terms of this Joint Protective Order,

15

even if such enforcement proceedings occur after termination of this action.

16

17

Date: _____

18

City and State where sworn and signed: _____

19

Printed Name: _____

20

21

Signature: _____

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

CASE NO. 12-CV-00450-JAM-EFB