Mark E. Merin (State Bar No. 043849)
**LAW OFFICE OF MARK E. MERIN**
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:    mark@markmerin.com

Alan Schlosser (State Bar No. 049957)
Michael T. Risher (State Bar No. 191627)
Linda Lye (State Bar No. 215584)
Novella Coleman (State Bar No. 281632)
**AMERICAN CIVIL LIBERTIES UNION**
  **FOUNDATION OF NORTHERN CALIFORNIA**
39 Drumm Street
San Francisco, California 94111
Telephone:    (415) 621-2493
Facsimile:    (415) 255-1478
E-Mail:    aschlosser@aclunc.org
    mrisher@aclunc.org
    llye@aclunc.org
    ncoleman@aclunc.org

Meredith Wallis (State Bar No. 261457)
1057 East 33rd Street
Oakland, California 94610
Telephone:    (713) 724-4047
E-Mail:    mewallis@stanford.edu

*Attorneys for Plaintiffs*

**CROWELL & MORING LLP**
J. Daniel Sharp (CSB No. 131042, dsharp@crowell.com)
Kevin P. O'Brien (CSB No. 215148, kobrien@crowell.com)
Suzanne E. Rode (CSB No. 253830, srode@crowell.com )
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Nancy J. Sheehan, (CSB No. 109419, nsheehan@porterscott.com )
Terence J. Cassidy, (CSB No. 099180, tcassidy@porterscott.com )
350 University Avenue, Suite 200
Sacramento, California 95825
(916) 929-1481 (telephone)
(916) 927-3706 (facsimile)

*Attorneys for Defendant*
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

**FILED**

JAN   9 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
            DEPUTY CLERK

1

[PROPOSED] FINAL ORDER AND JUDGMENT

(01089074.DOC)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ENOSH BAKER, *et al.*, ,

　　　　Plaintiffs,

　　v.

THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA,

　　　　Defendant.

Case No. 2:12-cv-00450 JAM EFB

[~~PROPOSED~~] **FINAL ORDER
AND JUDGMENT**

Pursuant to Federal Rules of Civil Procedure 23(e), and in accordance with the Stipulation for Settlement entered into by all parties on September 26, 2012, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1.　This Final Order and Judgment incorporates by reference the definitions in the Stipulation for Settlement among the parties submitted as Exhibit A to the Joint Application for Preliminary Approval of Settlement (Dckt. No. 40), attached hereto as Exhibit 1, and all capitalized terms used herein that also appear in the Stipulation for Settlement have the meanings set forth in the Stipulation for Settlement.

2.　The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1343(a)(3), (4). The court has personal jurisdiction over the Representative Class Plaintiffs, Defendant, and the Class.

3.　The Notices of the proposed settlement (in the form attached as Exhibit B to the Stipulation for Settlement, as amended per order of the Court) and the Publication Notice (in the form attached as Exhibit C to the Stipulation for Settlement, as amended per order of the Court) were directed to members of the proposed Class in accordance with the Preliminary Approval Order, dated September 27, 2012 (Dckt. No.45) and (a) constituted the best notice practicable under the circumstances and (b) were reasonably calculated, under the circumstances, to apprise

[PROPOSED] FINAL ORDER AND JUDGMENT

{01089074.DOC}

the Class Members of the pendency of the Litigation, the Settlement, and the release of rights contained in the Stipulation for Settlement. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Notice and Publication Notice provided members of the Class due and adequate notice of the Settlement, the Stipulation for Settlement, these proceedings, and the rights of members of the Classes to exclude themselves from or to object to the Settlement.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation for Settlement and finds that the Settlement is in all respects fair, reasonable, and adequate to the Class Members. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Stipulation for Settlement, the terms of which are incorporated by reference into this Final Order and Judgment.

5.      By its Preliminary Approval Order dated September 27, 2012, 2012, the Court preliminarily certified the following Settlement Class:

> All persons who were arrested or directly sprayed with pepper spray by police officers working for or on the behalf of the University of California, Davis Police Department on November 18, 2011, on the area known as "the Quad," on the University of California, Davis campus.

6.      The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, including the requirements of numerosity, commonality, typicality, and adequacy pursuant to Rule 23(a), and at least one of the requirements of Rule 23(b)(2) and 23(b)(1)(A). The Court hereby certifies the Settlement Class as described in Paragraph 5 of this Order and Judgment.

7.      The Court approves Plaintiffs  Enosh Baker, David Buscho, Alyson Cook, Adam Fetterman, Sarena Grossjan, Deanna Johnson, Sophia Kamran, Elizabeth Lara, Ian Lee, Soo Lee, Evan Loker, Thomas Matzat, Darren Newell, Charles Parker, William Roberts, Fatima Sbeih, Evka Whaley-Mayda, Kase Wheatley, Edward Geoffrey Wildanger, Noah Wiley, and Jordan Wilheim (hereinafter "Representative Plaintiffs") as Class Representatives for the Settlement Class.

[PROPOSED] FINAL ORDER AND JUDGMENT

{01089074.DOC}

8.      The Court finds that Class Counsel, Mark E. Merin, the American Civil Liberties Foundation of Northern California ("ACLU"), and Meredith Wallis have fairly and adequately represented the interests of the Class and satisfied all the requirements of Fed. R. Civ. P. 23(g).

9.      The Regents of the University of California ("Regents") shall make the settlement payments called for in Section 2 of the Stipulation for Settlement within 15 (fifteen) days of the Effective Date as defined in Section 1.8 of the Stipulation.  The Court finds that the payments to the Class Representatives are not unduly preferential, and the amounts are justified based on the injuries and damages they suffered and the burdens carried by the Class Representatives in commencing and prosecuting the Litigation, including the notoriety attendant on pursuit of the Litigation and the amount of time and effort involved.

10.      Upon the Settlement becoming Final in accordance with Section 1.11 of the Stipulation for Settlement (i) the Releasing Parties are permanently barred from filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order based on any or all Released Claims against one or more Released Persons, and (ii) the Released Persons are and shall be unconditionally, fully and finally released and forever discharged from all Released Claims against each of the Releasing Parties in accordance with the Stipulation for Settlement.  Each Class Member may hereafter discover facts other than or different from those which he or she knows or believes to be true with respect to the Released Claims, but each Class Member has expressly waived and fully, finally and forever released and discharged any and all known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts, upon the Settlement becoming Final.

11.      Upon consideration of Class Counsel's Fee and Expense Statement to the Court for an award of fees and costs, and the agreement of The Regents in the Stipulation for Settlement to pay the sum of two hundred fifty thousand dollars ($250,000.00) for all attorneys' fees and costs

4

[PROPOSED] FINAL ORDER AND JUDGMENT

{01089074.DOC}

incurred in connection with the prosecution of the Litigation and administration of the settlement, the Court hereby awards the sum of $250,000.00, jointly and severally, to the Law Offices of Mark E. Merin, the American Civil Liberties Foundation of Northern California, and Meredith Wallis.

12. The attorneys' fees and costs and payments to Class Members authorized and approved by this Final Order and Judgment shall constitute full and final satisfaction of any and all claims that Representative Plaintiffs and any Class member, and their respective counsel, may have or assert for reimbursement of fees and costs or Class Representative payments, and Representative Plaintiffs and Class Members, and their respective counsel, shall not seek or demand payment of any additional fees and costs or Class Representative payments, except as provided for in Section 3 of the Stipulation for Settlement, which provides that the Regents will reimburse the ACLU up to $20,000 (twenty thousand dollars) for reasonable attorneys' fees and costs incurred by the ACLU in reviewing and commenting on the Davis campus' written policies, including the Regents' written policies applicable to the Davis campus, pertaining to the use of force by police, the handling of student demonstrations, and crowd control. Except for the Regents' obligation to reimburse the ACLU up to $20,000 as provided for in Section 3 of the Stipulation for Settlement, the Released Persons (as defined in Section 1.20 of the Stipulation for Settlement) shall have no further responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees and costs or payments, nor with respect to any allocation of attorneys' fees and costs or payments to any other person or entity who may assert any claim thereto.

13. Without in any way affecting the finality of this Final Order and Judgment, this Court has continuing jurisdiction as to all matters relating to the interpretation, administration, and enforcement of the Stipulation for Settlement.

14. The Court finds that this Final Order and Judgment adjudicates all of the claims, rights, and liabilities of the Parties to the Settlement, and is intended to be final and immediately appealable. Neither this Final Order and Judgment, the Stipulation for Settlement, nor any other

5

{01089074.DOC}

settlement-related document shall constitute any evidence of admission of liability by the Defendants or any other Released Person, nor be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Stipulation for Settlement or the terms of this Final Order and Judgment, or if offered by any Released Person in responding to any action purporting to assert Released Claims.

IT IS SO ORDERED.

Dated: January 9, 2013

UNITED STATES DISTRICT COURT JUDGE

Approved as to form:

Dated: December 21, 2012          LAW OFFICE OF MARK E. MERIN

By /s/Mark E. Merin [12/21/12]
   Mark E. Merin
   Attorneys for Plaintiffs

Dated: December 21, 2012          AMERICAN CIVIL LIBERTIES UNION
                                  FOUNDATION OF NORTHERN CALIFORNIA

By /s/Alan Schlosser [authorized 12/21/12]
   Alan Schlosser
   Michael Risher
   Attorneys for Plaintiffs

Dated: December 21, 2012

By /s/Meredith Wallis [authorized 12/21/12]
   Meredith Wallis
   Attorneys for Plaintiffs

6

[PROPOSED] FINAL ORDER AND JUDGMENT

(01089074.DOC)

Dated: December 21, 2012                 PORTER SCOTT PC


                                         By /s/Nancy J. Sheehan
                                            Nancy J. Sheehan
                                            Terence J. Cassidy
                                            Attorneys for Defendant The Regents of the
                                            University of California

7

{01089074.DOC}

# EXHIBIT 1

Case 2:12-cv-00450-JAM-EFB   Document 54   Filed 01/09/13   Page 9 of 28
Case 2:12-cv-00450-JAM-EFB   Document 50-4   Filed 12/21/12   Page 9 of 28
Case 2:12-cv-00450-JAM-EFB   Document 40-1   Filed 09/26/12   Page 1 of 20

1 Mark E. Merin (State Bar No. 043849)
  **LAW OFFICE OF MARK E. MERIN**
2 1010 F Street, Suite 300
  Sacramento, California 95814
3 Telephone: (916) 443-6911
  Facsimile: (916) 447-8336
4 E-Mail:  mark@markmerin.com

5 Alan Schlosser (State Bar No. 049850)
  Michael T. Risher (State Bar No. 191627)
6 Linda Lye (State Bar No. 215584)
  Novella Coleman (State Bar No. 281632)
7 **AMERICAN CIVIL LIBERTIES UNION**
  **FOUNDATION OF NORTHERN CALIFORNIA**
8 39 Drumm Street
  San Francisco, California 94111
9 Telephone: (415) 621-2493
  Facsimile: (415) 255-1478
10 E-Mail:  aschlosser@aclunc.org
    mrisher@aclunc.org
11    llye@aclunc.org
    ncoleman@aclunc.org
12
  Meredith Wallis (State Bar No. 261457)
13 1057 East 33rd Street
  Oakland, California 94610
14 Telephone: (713) 724-4047
  E-Mail:  mewallis@stanford.edu
15
  *Attorneys for Plaintiffs*
16

17 **CROWELL & MORING LLP**
  J. Daniel Sharp (CSB No. 131042, dsharp@crowell.com)
18 Kevin P. O'Brien (CSB No. 215148, kobrien@crowell.com)
  Suzanne E. Rode (CSB No. 253830, srode@crowell.com )
19 275 Battery Street, 23rd Floor
  San Francisco, CA 94111
20 Telephone: 415.986.2800
  Facsimile: 415.986.2827
21
  **PORTER | SCOTT**
22 A PROFESSIONAL CORPORATION
  Nancy J. Sheehan, (CSB No. 109419, nsheehan@porterscott.com )
23 Terence J. Cassidy, (CSB No. 099180, tcassidy@porterscott.com )
  Katherine L.M. Mola, (CSB No. 264625, kmola@porterscott.com )
24 350 University Avenue, Suite 200
25 Sacramento, California 95825
  (916) 929-1481 (telephone)
26 (916) 927-3706 (facsimile)

27 *Attorneys for Defendants*
  THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, LINDA KATEHI, RALPH J.
28 HEXTER, FRED WOOD & JOHN MEYER

Case 2:12-cv-00450-JAM-EFB  Document 54  Filed 01/09/13  Page 10 of 28
Case 2:12-cv-00450-JAM-EFB  Document 50-4  Filed 12/21/12  Page 10 of 28
Case 2:12-cv-00450-JAM-EFB  Document 40-1  Filed 09/26/12  Page 2 of 20

1

UNITED STATES DISTRICT COURT

2

EASTERN DISTRICT OF CALIFORNIA

3

4

| | |
|---|---|
| ENOSH BAKER, DAVID BUSCHO, ALYSON COOK, ADAM FETTERMAN, SARENA GROSSJAN, DEANNA JOHNSON, SOPHIA KAMRAN, ELIZABETH LARA, IAN LEE, SOO LEE, EVAN LOKER, THOMAS MATZAT, DARREN NEWELL, CHARLES PARKER, WILLIAM ROBERTS, FATIMA SBEIH, EVKA WHALEY-MAYDA, KASE WHEATLEY, EDWARD GEOFFREY WILDANGER, NOAH WILEY, and JORDAN WILHEIM,<br><br>        Plaintiffs,<br><br>    v.<br><br>LINDA KATEHI, Chancellor of the University of California at Davis; RALPH J. HEXTER, Provost and Executive Vice Chancellor of the University of California at Davis; FRED WOOD, Vice Chancellor for Student Affairs at the University of California at Davis; JOHN MEYER, Vice Chancellor of Administration and Resource Management at the University at California at Davis; ANNETTE SPICUZZA, Chief of the University of California at Davis Police Department; JOHN PIKE, Lt. in the University of California at Davis Police Department; BARRY SWARTWOOD, Lt. in the University of California at Davis Police Department; ALEXANDER LEE, officer of the University of California at Davis Police Department; and DOES 2-50, officers of the University of California at Davis Police Department,<br><br>        Defendants. | Case No. 2:12-cv-00450 JAM EFB<br><br>**STIPULATION FOR SETTLEMENT** |

25  **I.    PARTIES**

26  This Stipulation of Settlement dated as of September 26, 2012 (the "Stipulation"), is made

27  and entered into by and among the following parties (all collectively the "Parties"):

28

-1-

SFACTIVE-902852644.1

Case 2:12-cv-00450-JAM-EFB   Document 54   Filed 01/09/13   Page 11 of 28
Case 2:12-cv-00450-JAM-EFB   Document 50-4   Filed 12/21/12   Page 11 of 28
Case 2:12-cv-00450-JAM-EFB   Document 40-1   Filed 09/26/12   Page 3 of 20

1) Named Plaintiffs Enosh Baker, David Buscho, Alyson Cook, Adam Fetterman, Sarena Grossjan, Deanna Johnson, Sophia Kamran, Elizabeth Lara, Ian Lee, Soo Lee, Evan Loker, Thomas Matzat, Darren Newell, Charles Parker, William Roberts, Fatima Sbeih, Evka Whaley-Mayda, Kase Wheatley, Edward Geoffrey Wildanger, Noah Wiley, and Jordan Wilheim (collectively "Representative Plaintiffs" or simply "Plaintiffs") on behalf of themselves and each of the Class Members, as defined below; and

2) The Regents of the University of California (the "Regents"), Defendant in proposed Second Amended Complaint.

The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below) on the terms and conditions set forth in this Stipulation, subject to the approval of the Court.

## II.    THE LITIGATION

On February 22, 2012, Plaintiffs filed their initial Complaint in this Litigation. On July 20, 2012, Plaintiffs filed their First Amended Complaint ("Complaint") naming as defendants members of the University of California Administration Linda Katehi, Ralph J. Hexter, Fred Wood and John Meyer; Chief of the University of California at Davis ("UC Davis") Police Department Annette Spicuzza; and UC Davis Police Department officers John Pike, Barry Swartwood and Alexander Lee. The Complaint alleges nine separate claims for relief, all arising out of an incident involving U.C. Davis campus police and demonstrators and observers on the campus of the University of California, Davis, on the afternoon of Friday, November 18, 2011. Plaintiffs allege, inter alia, that, as part of the broader Occupy Wall Street movement, they had set up symbolic tents on an area of the campus known as the Quad in protest against university privatization, tuition increases, and the treatment of demonstrators at the University of California, Berkeley. On Friday, November 18, 2011, members of the UC Administration directed the demonstrators to remove the tents be from the Quad by 3:00 p.m. At about 3:00 p.m., members of the UC Davis Police Department declared the demonstration an unlawful assembly, ordered

-2-

STIPULATION FOR SETTLEMENT;
CASE NO. 2:12-CV-00450

Case 2:12-cv-00450-JAM-EFB   Document 54   Filed 01/09/13   Page 12 of 28
Case 2:12-cv-00450-JAM-EFB   Document 50-4   Filed 12/21/12   Page 12 of 28
Case 2:12-cv-00450-JAM-EFB   Document 40-1   Filed 09/26/12   Page 4 of 20

those assembled to disperse, and commenced to remove the tents from the Quad, arresting and pepper-spraying demonstrators, including Plaintiffs. Plaintiffs allege that they and others similarly situated were deprived of their civil rights under the First, Fourth, and Fourteenth Amendments of the U.S. Constitution by being subjected to unlawful arrest and/or excessive force (including pepper spray) by or at the direction of agents or employees of the Regents. The Complaint seeks compensatory, statutory, and punitive damages, declaratory and injunctive relief, plus attorneys' fees and costs. Plaintiffs believe that the evidence developed to date supports their position, and that their claims have legal and factual merit.

### III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Litigation. Defendants contend that they acted reasonably and in good faith to address legitimate health and safety risks associated with an unpermitted encampment on the Quad, and not out of any intent to suppress debate and protest, or to deprive Plaintiffs of their civil rights. Defendants contend that the arrests and use of force were a lawful response to the efforts of Plaintiffs and others to interfere with the UC Officer Defendants' performance of their lawful objectives of removing tents erected without permits in violation of University policy and removing arrestees from the Quad. Defendants believe that the evidence developed to date supports their position that they acted reasonably and with good intentions, without violating the rights of Plaintiffs or others, and that the Litigation is without merit.

### IV.   MEDIATION AND SETTLEMENT

On March 14, 2012, prior to the filing of responsive pleadings by any Defendants, the Parties then named in the Litigation entered into a Stipulation and Proposed Order for Extension of Time to Respond to the Complaint and Other Dates in order to permit the Parties to explore settlement. (Dckt. No. 10)  The Court approved the stipulation. (Dckt. No. 13)

The Parties engaged The Hon. Raul Ramirez (Ret.) to serve as mediator. In preparation for the mediation, the Parties engaged in informal discovery, including the production of documents and the exchange of information. On August 15 and 16, 2012, the Parties engaged in mediation in

STIPULATION FOR SETTLEMENT;
CASE NO. 2:12-CV-00450

SFACTIVE-902852644.1

Case 2:12-cv-00450-JAM-EFB   Document 54   Filed 01/09/13   Page 13 of 28
Case 2:12-cv-00450-JAM-EFB   Document 50-4   Filed 12/21/12   Page 13 of 28
Case 2:12-cv-00450-JAM-EFB   Document 40-1   Filed 09/26/12   Page 5 of 20

Sacramento, California, with respect to the claims and defenses raised in the Litigation. As a result of the mediation, the Parties reached an agreement on a settlement of the Litigation, the terms and conditions of which are set forth in this Stipulation.

Both Plaintiffs and Defendants have taken into account the uncertainty and risks inherent in any litigation. Plaintiffs and Defendants have concluded that further conduct of the Litigation would be protracted and expensive, with no certainty as to the ultimate outcome, and that it is reasonable and desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Plaintiffs and their counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class, and that it is fair and reasonable. Based on their evaluation, Plaintiffs and their counsel have determined that the settlement set forth in the Stipulation is in the best interests of the Class.

## TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs (for themselves and the Class Members, as defined below) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims (as defined below) shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

**1.      Additional Definitions**

In addition to the definitions of the Parties set forth in Section I above, the following terms as used in this Stipulation have the meanings specified below:

1.1      "Administrator" means a committee comprised of one individual designated by the Plaintiffs and one individual designated by the Regents.

1.2      "Approved Claim" means a claim submitted no later than the Bar Date by a Class Member other than a Representative Plaintiff which is approved by the Administrator.

1.3      "Bar Date" means that date specified herein by which Claim Forms submitted by

-4-

STIPULATION FOR SETTLEMENT;
CASE NO. 2:12-CV-00450

Case 2:12-cv-00450-JAM-EFB  Document 54  Filed 01/09/13  Page 14 of 28
Case 2:12-cv-00450-JAM-EFB  Document 50-4  Filed 12/21/12  Page 14 of 28
Case 2:12-cv-00450-JAM-EFB  Document 40-1  Filed 09/26/12  Page 6 of 20

Class Members must be delivered or post-marked in order to be considered for payment pursuant to the terms of the settlement described in this Stipulation.

1.4  "Claim Form" means that form, substantially in the form attached hereto as **Exhibit A**, which Class Members must submit in order to qualify to participate in the settlement described in this Stipulation

1.5  "Class" or "Settlement Class," as defined in the proposed Second Amended Complaint, means all persons (other than those persons who timely and validly request exclusion from the Class) who, on the afternoon of November 18, 2011, while participating in a protest on the University of California at Davis Quad, were arrested and/or directly sprayed with pepper spray by a campus police officer.

1.6  "Class Member" means a person who falls within the definition of the Class as set forth in section 1.5 above and who does not validly and timely opt out of the Class.

1.7  "Class Notice" means both the written "Notice" substantially in the form of **Exhibit B**, together with the "Publication Notice" substantially in the form of **Exhibit C**, both as approved by the Court, which shall both include the general terms of the settlement set forth in this Stipulation, the general terms of the Fee and Expense Application referenced in section 8 hereof, and the date of the Final Approval Hearing.  The Class Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, due process, any other applicable law, and shall otherwise be in the manner and form approved by the Court.

1.8  "Court" means the United Stated District Court for the Eastern District of California.

1.9  "Defendants" means the parties identified in sections I and II above as Defendants, including the Regents.

1.10  "Effective Date," or the date upon which this settlement becomes "effective," shall be when the Judgment has become Final, as defined below.

1.11  "Final" means the date on which the Court has entered the Judgment, substantially

-5-

SFACTIVE-902852644.1

Case 2:12-cv-00450-JAM-EFB   Document 54   Filed 01/09/13   Page 15 of 28
Case 2:12-cv-00450-JAM-EFB   Document 50-4   Filed 12/21/12   Page 15 of 28
Case 2:12-cv-00450-JAM-EFB   Document 40-1   Filed 09/26/12   Page 7 of 20

in the form of **Exhibit D** attached hereto, and the last of the following shall have occurred: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed or, if such a motion is filed, the Judgment is not altered or amended; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if an appeal is taken, immediately after (a) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*, or (b) the date of affirmance of the Judgment on appeal and the expiration of time for any further judicial review whether by appeal, reconsideration or a petition for a writ of *certiorari* and, if *certiorari* is granted, the date of final affirmance of the Judgment following review pursuant to the grant. For purposes of this paragraph, an "appeal" shall include any petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses or incentive payments; any appeal on the issue of attorneys' fees and expenses or incentive payments shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.12  "Final Approval Hearing" means the hearing to be held by the Court to consider and determine whether the proposed Settlement of the Litigation as contained in this Stipulation should be approved as fair, reasonable, and adequate, and whether the Judgment should be entered.

1.13  "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as **Exhibit D**.

1.14  "Plaintiffs' Counsel" mean Mark E. Merin, attorneys with the American Civil Liberties Foundation of Northern California, and Meredith Wallis.

1.15  "Litigation" means *Enosh Baker et al., on behalf of themselves and on behalf of all*

STIPULATION FOR SETTLEMENT.
CASE NO. 2:12-CV-00450

SFACTIVE-902852644.1

Case 2:12-cv-00450-JAM-EFB   Document 54   Filed 01/09/13   Page 16 of 28
Case 2:12-cv-00450-JAM-EFB   Document 50-4   Filed 12/21/12   Page 16 of 28
Case 2:12-cv-00450-JAM-EFB   Document 40-1   Filed 09/26/12   Page 8 of 20

*persons similarly situated, v. Linda Katehi, et al.,* United States District Court, Eastern District of California, Case No. 2:12-CV-00450-JAM-EFB.

1.16    "Notice" means written notice to be sent by e-mail substantially in the form of **Exhibit B**, as approved by the Court.

1.17    "Notice Date" means the date that Notice is first sent or published.

1.18    "Publication Notice" means notice substantially in the form of **Exhibit C** to be published in accordance with the Preliminary Approval Order.

1.19    "Released Claims" means any and all claims, debts, demands, controversies, obligations, losses, rights or causes of action or liabilities of any kind or nature whatsoever (including, but not limited to, any claims for damages, whether compensatory, statutory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, attorneys' fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, and whether known or unknown, fixed or contingent, suspected or unsuspected, concealed or hidden, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including Unknown Claims (as defined below), that (i) have been asserted in this Litigation by the Plaintiffs and Class Members or any of them against any of the Released Persons (as defined below), or (ii) could have been asserted in the Litigation or any other forum by the Plaintiffs and Class Members or any of them against any of the Released Persons which arise out of or are based upon or related to the allegations, transactions, facts, matters or occurrences, set forth, or referred to in the Litigation, including, without limitation, claims that the Defendants violated the civil rights of the Plaintiffs and/or Class Members, or injured them in any way on the afternoon of November 18, 2011. Nothing in this release provision shall prevent any person from seeking a certificate and record of detention as provided in California Penal

-7-

STIPULATION FOR SETTLEMENT;
CASE NO. 2:12-CV-00450

SFACTIVE-902852644.1

Case 2:12-cv-00450-JAM-EFB Document 54 Filed 01/09/13 Page 17 of 28
Case 2:12-cv-00450-JAM-EFB Document 50-4 Filed 12/21/12 Page 17 of 28
Case 2:12-cv-00450-JAM-EFB Document 40-1 Filed 09/26/12 Page 9 of 20

Code § 851.6, or seeking a finding of factual innocence as provided for in California Penal Code § 851.8.

1.20 "Released Persons" means each and all of the Defendants named in the First Amended Complaint, including but not limited to Annette Spicuzza, as well as the Regents, and their officers, employees, managers, personal or legal representatives, predecessors, successors, agents, attorneys, officials, trustees, as well as any person or entity claimed to have been acting under the authority of, at the direction of, or in concert with the Defendants, directly or indirectly, in any manner whatsoever on November 18, 2011, in connection with the subject matter of the Litigation and/or the Released Claims. The term "Released Persons" includes the City of Davis, its agents, officials and employees, and all individual members of the City of Davis Police Department who were involved in any way with the events on the UC Davis Quad on November 18, 2011.

1.21 "Releasing Parties" means the Representative Plaintiffs and all Class Members, heirs, executors, administrators, agents, legal representatives, assigns and successors, but only to the extent their claims are derived from the claims of Class Members, excluding any Class Members who timely opt out of the Class.

1.22 "Settling Parties" means, collectively, the Defendants, including the Regents, and the Plaintiffs on behalf of the Class.

1.23 "Unknown Claims" means any Released Claims which Releasing Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decisions with respect to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and relinquish, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have,

-8-

STIPULATION FOR SETTLEMENT;
CASE NO. 2:12-CV-00450

SFACTIVE-902852644.1

Case 2:12-cv-00450-JAM-EFB   Document 54   Filed 01/09/13   Page 18 of 28
Case 2:12-cv-00450-JAM-EFB   Document 50-4   Filed 12/21/12   Page 18 of 28
Case 2:12-cv-00450-JAM-EFB   Document 40-1   Filed 09/26/12   Page 10 of 20

expressly waived and relinquished, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Releasing Parties may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Releasing Parties upon the Effective Date shall expressly, fully, finally, and forever settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the settlement of which this release is a part.

2.    **Monetary Benefits to Be Provided to the Class**

In consideration of the Release set forth in section 9 of this Stipulation and the entry of Judgment on the claims of all Class Members, the Regents will pay the following amounts within 15 (fifteen) days of the Effective Date:

a.    Representative Plaintiffs:   Regents will pay the sum of $630,000.00 (six hundred thirty thousand dollars) to the Representative Plaintiffs, which constitutes $30,000 for

-9-

SFACTIVE-902852644.1

Case 2:12-cv-00450-JAM-EFB   Document 54   Filed 01/09/13   Page 19 of 28
Case 2:12-cv-00450-JAM-EFB   Document 50-4   Filed 12/21/12   Page 19 of 28
Case 2:12-cv-00450-JAM-EFB   Document 40-1   Filed 09/26/12   Page 11 of 20

each of the 21 Representative Plaintiffs, by a single check made payable to the Law Office of

Mark E. Merin, Attorney Client Trust Fund, to be distributed to the Representative Plaintiffs by

that office. The payment shall be delivered to the Law Office of Mark E. Merin, 1010 F Street,

Sacramento, CA 95814, no later than three days following the Effective Date of the settlement.

The Parties stipulate and acknowledge that the payments to the Class Representatives are not

unduly preferential, and the amounts are justified based on the injuries they allegedly suffered,

and the burdens carried by the Class Representatives in commencing and prosecuting the

Litigation, including the notoriety attendant on pursuit of the Litigation and the amount of time

and effort involved.

        b.     Other Class Members:  To each additional Class Member other than the

Representative Plaintiffs who submits an Approved Claim, the Regents will pay the sum of

$20,000 (twenty thousand dollars); provided, however, that if there are more than five total

Approved Claims, the amount paid in settlement of each Approved Claim shall be reduced pro

rata so that the total amount paid for all Approved Claims does not exceed $100,000 (one hundred

thousand dollars).  For example, if there are six Approved Claims, the settlement payment for

each such Approved Claim shall be $16,667 (sixteen thousand, six hundred sixty-seven dollars).

The procedure for making such payments is as follows:

        (1)     Prior to the time that Notice is sent or published, Plaintiffs and the

Regents shall each designate an individual to serve as a member of the Administrator.  The

designated individuals may consult with their respective clients or with other attorneys who are

working on this matter in considering the appropriate action to be taken on the claims.

        (2)     Putative Class Members may submit Claim Forms in accordance

with the provisions set forth in the Notice.  Within thirty (30) days of the submission of any such

Claim Forms, the Administrator shall attempt to agree on whether or not the claim is Approved.

If the parties' representatives comprising the Administrator cannot agree, the disputed Claim

Forms shall be submitted to Magistrate Judge Edmund F. Brennan, the Magistrate Judge assigned

to this action, for final, binding determination.  The Magistrate Judge's determination shall be

STIPULATION FOR SETTLEMENT;
CASE NO. 2:12-CV-00450

Case 2:12-cv-00450-JAM-EFB   Document 54   Filed 01/09/13   Page 20 of 28
Case 2:12-cv-00450-JAM-EFB   Document 50-4   Filed 12/21/12   Page 20 of 28
Case 2:12-cv-00450-JAM-EFB   Document 40-1   Filed 09/26/12   Page 12 of 20

1   based on the forms and any available evidence, including but not limited to video or photographs

2   taken on November 18, 2011. Putative Class Members who submit claims shall be notified in

3   writing whether their claim is Approved or not prior to the date of the Final Approval Hearing.

4   Putative Class Members who submit Approved Claim Forms shall receive payment of their

5   claims by check made payable to them and delivered to the addresses specified on their Claim

6   Forms within fifteen (15) days of the Effective Date of the settlement, unless there are five or

7   more approved claimants, in which case one check for $100,000 will be made payable to the Law

8   Office of Mark E. Merin, Attorney Client Trust Fund, to be distributed to the approved claimants

9   by that office.

10          3.     **Additional Class Relief**

11               a.      For two years following the Effective Date, the Regents will provide

12   Plaintiffs' attorneys from the American Civil Liberties Union Foundation of Northern California

13   ("ACLU") an opportunity to review, comment, and provide input on the Davis campus' written

14   policies, including the Regents' written policies applicable to the campus at Davis, pertaining to

15   the use of force by police, the handling of student demonstrations, and crowd control. This shall

16   include a fair and adequate opportunity to review, comment and provide input, prior to their

17   adoption, on any new or revised written Davis campus policies pertaining to these subjects. The

18   Regents will reimburse up to $20,000 (twenty thousand dollars) for reasonable attorneys' fees and

19   costs incurred by the ACLU in conducting such review, with payment being made within 45 days

20   from the submission of invoices for time spent by ACLU staff on such review. Any such

21   invoices shall be sent to the attention of Margaret Wu at the Office of General Counsel and to Jim

22   Taylor of Sedgwick.

23               b.      Within fifteen (15) days of the Effective Date of the settlement, Chancellor

24   Linda Katehi will cause to be delivered to each of the twenty-one (21) Representative Plaintiffs

25   and any other putative class members who submit an Approved Claim Form a personal, written

26   apology for the incident and injuries and damages they suffered as a result thereof.

27               c.      As part of the settlement, a Student Affairs representative on the Davis

28

-11-

SFACTIVE-902852644.1

Case 2:12-cv-00450-JAM-EFB   Document 54   Filed 01/09/13   Page 21 of 28
Case 2:12-cv-00450-JAM-EFB   Document 50-4   Filed 12/21/12   Page 21 of 28
Case 2:12-cv-00450-JAM-EFB   Document 40-1   Filed 09/26/12   Page 13 of 20

campus will provide reasonable assistance and counseling to the Representative Plaintiffs (and any other putative class members who submit an Approved Claim Form) with academic performance issues that allegedly arose as a result of the incident.  Plaintiffs hereby acknowledge that under the University of California's system of shared governance, the Academic Senate and the faculty of the University of California are accorded the authority for evaluating student academic performance, and that The Regents make no promise or commitment that any Plaintiff will be granted an exception to policies or will receive a grade change.

4.   **Initial Procedural Steps**

a.   The Parties will stipulate to the filing of a Second Amended Complaint in which the only named defendant will be the Regents.  Defendants Katehi, Hexter, Meyer, Wood, Spicuzza, Pike, Swartwood, and Lee shall not be named as Defendants in the Second Amended Complaint.  The Second Amended Complaint will be filed for purposes of entering into and effectuating the settlement set forth in this Stipulation.  The Regents waives its immunity from suit under the Eleventh Amendment to the U.S. Constitution for this purpose.

5.   **Preliminary Approval**

As soon as possible, and in no event more than five days, after execution of this Stipulation, the Settling Parties shall jointly submit the Stipulation together with its Exhibits to the Court and shall jointly apply for entry of a Preliminary Approval Order substantially in the form set forth in **Exhibit E**, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, conditional certification of the Settlement Class, appointment of Class Counsel, approval/dissemination of Class Notice, approval of the proposed Claim Form, and entry of an order staying any activities in the Litigation except for activities related to the approval and implementation of the Settlement.

6.   **Class Notice**

a.   Beginning not more than 14 days after the entry of the Preliminary Approval Order, the Notice of the proposed settlement shall be given in the following manner: (i) the Regents will cause the text of the Notice substantially in the form attached hereto as

-12-

Case 2:12-cv-00450-JAM-EFB Document 54 Filed 01/09/13 Page 22 of 28
Case 2:12-cv-00450-JAM-EFB Document 50-4 Filed 12/21/12 Page 22 of 28
Case 2:12-cv-00450-JAM-EFB Document 40-1 Filed 09/26/12 Page 14 of 20

1    **Exhibit B to** be sent by e-mail to all students enrolled in one or more classes at the Davis campus

2    during the Fall Quarter of 2011, for whom the Regents have a valid e-mail address; (ii) the

3    Regents shall cause the Publication Notice substantially in the form attached hereto as **Exhibit C**

4    to be published once each in the Davis *Enterprise* and the UC Davis *Aggie*; and (iii) the Regents

5    shall cause copies of the Notice, the Publication Notice, and the Claim Form to be posted online

6    at www.ucdavis.edu. Copies of the Notice and Claim Form shall be sent via electronic or

7    standard class mail to those Class Members who so request.

8           b.      As set forth in the proposed Notice, the putative Class Members shall have

9    30 (thirty) days to file a Claim Form, or to exclude themselves ("opt out") of this Settlement and

10   from the Class by timely submitting a request to opt out in accordance with the procedure set

11   forth in the Notice.

12          c.      As set forth in the proposed Notice, objections to the proposed Settlement

13   must be filed not later than 30 (thirty) days after the Notice Date.

14          7.      **Final Approval**

15   A Final Approval Hearing shall be set no less than seventy-five (75) days after the Court

16   issues its Preliminary Approval Order. The parties jointly request that, at the Final Approval

17   Hearing, the Court approve the settlement of the Litigation and enter Judgment in a form

18   substantially similar to that attached hereto as Exhibit D. At least fifteen (15) days prior to the

19   Final Approval Hearing, Plaintiffs' Counsel shall submit a Fee and Expense Statement to the

20   Court for an award of attorneys' fees and costs as set forth in Section 8 below, to be determined

21   by the Court at the Final Approval Hearing.

22          8.      **Plaintiffs' Counsels' Attorneys' Fees and Expenses**

23   The Regents has agreed to pay, and Plaintiffs' counsel has agreed to accept, the sum of

24   $250,000 (two hundred fifty thousand dollars) for all attorneys' fees and costs incurred in

25   connection with the prosecution of the Litigation and the administration of the settlement.

26   Accordingly, Plaintiffs' counsel shall submit a Fee and Expense Statement to the Court for an

27   award of attorneys' fees and costs for all work performed on behalf of the Class, not to exceed,

28

                                        -13-                    STIPULATION FOR SETTLEMENT;
                                                               CASE NO. 2:12-CV-00450

SFACTIVE-902852644.1

Case 2:12-cv-00450-JAM-EFB   Document 54   Filed 01/09/13   Page 23 of 28
Case 2:12-cv-00450-JAM-EFB   Document 50-4   Filed 12/21/12   Page 23 of 28
Case 2:12-cv-00450-JAM-EFB   Document 40-1   Filed 09/26/12   Page 15 of 20

$250,000, which application the Defendants shall not oppose. Provided the Court approves the Fee and Expense Statement, the Regents will pay the amount awarded by the Court within 15 (fifteen) days of the Effective Date, payable jointly to the Law Offices of Mark E. Merin, the American Civil Liberties Union Foundation of Northern California and Meredith Wallis.

9.    **Releases and Bar Order**

a.    Upon the Effective Date, as defined above, the Releasing Parties shall be deemed to have, and shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Persons.

b.    Upon the Effective Date, the Releasing Parties shall be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons. Nothing in this Stipulation shall prevent any person from seeking a certificate and record of detention as provided in California Penal Code § 851.6, or from seeking a finding of factual innocence as provided for in California Penal Code § 851.8.

c.    Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

d.    No person shall have any claim against the Administrator, or any member thereof, based on the administration of this settlement, including but not limited to any determination regarding the approval or disapproval of any claim submitted.

The Parties intend that this Stipulation eliminate all further risk and liability of the Released Persons relating to the Released Claims, and accordingly agree that the Court shall include in the Final Approval Order a Bar Order Provision as follows: "the Releasing Parties are permanently

-14-

Case 2:12-cv-00450-JAM-EFB   Document 54   Filed 01/09/13   Page 24 of 28
Case 2:12-cv-00450-JAM-EFB   Document 50-4   Filed 12/21/12   Page 24 of 28
Case 2:12-cv-00450-JAM-EFB   Document 40-1   Filed 09/26/12   Page 16 of 20

enjoined from filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order based on any or all Released Claims against one or more Released Persons"

10.     **Waiver and Covenant not to Sue**

Upon the Effective Date, each of the individuals named as Defendants in the First Amended Complaint shall be deemed to have, and shall have, fully, finally, and forever waived, released, and relinquished any claim for malicious prosecution in connection with the Litigation. Each such Defendant covenants that he or she will not institute any claim, lawsuit, arbitration, or proceeding of any nature against Plaintiffs, any Class Member, or Plaintiffs' Counsel for any act or omission in connection with this Litigation.

11.     **Conditions of Settlement, Effect of Disapproval**

This Settlement is subject to the following conditions:

a.      This Settlement is subject to the approval of the Court as provided in Federal Rule of Civil Procedure 23(e).

b.      In the event that two or more Class Members opt out of the Class in accordance with the terms of the Notice, this Stipulation and the Settlement contemplated hereby shall be voidable at the election of the Regents. In the event that the Regents is entitled to and elects to void this Stipulation for Settlement, the Regents must deliver formal written notice of such election to counsel for all Parties within 14 (fourteen) days after the deadline for Class Members to opt out of the Class.

c.      In the event that the Stipulation is not approved by the Court, is voided by the Regents, or otherwise fails to become effective in accordance with its terms and provisions, the Settling Parties shall be restored to their respective positions in the Litigation as of August 16, 2012. In such event, the terms and provisions of this Stipulation, with the exception of this section and section 4.a hereof, shall have no further force and effect with respect to the Settling Parties and neither this Stipulation nor any submission by any party in connection with the Motion(s) for Preliminary or Final Approval or Application for Attorneys' Fees and Expenses

-15-

STIPULATION FOR SETTLEMENT,
CASE NO. 2:12-CV-00450

SFACTIVE-902852644.1

Case 2:12-cv-00450-JAM-EFB  Document 54  Filed 01/09/13  Page 25 of 28
Case 2:12-cv-00450-JAM-EFB  Document 50-4  Filed 12/21/12  Page 25 of 28
Case 2:12-cv-00450-JAM-EFB  Document 40-1  Filed 09/26/12  Page 17 of 20

1  or Appeal therefrom, or any related motions or proceedings, may be used in this Litigation or in

2  any other proceeding for any purpose, and any judgment or order entered by the Court in

3  accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

4  Notwithstanding the foregoing, no order of the Court or modification or reversal on appeal of any

5  order of the Court concerning the amount of any attorneys' fees, costs, or expenses awarded by

6  the Court to any of Plaintiffs' Counsel shall constitute grounds for cancellation or termination of

7  the Stipulation.

8      12.    **Miscellaneous Provisions**

9          a.    The Settling Parties (a) acknowledge that it is their intent to consummate

10  the Settlement set forth in this Stipulation, and (b) agree to cooperate to the extent reasonably

11  necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise

12  their best efforts to accomplish and effectuate the terms and conditions of the Stipulation.

13          b.    The Settling Parties intend this settlement to be a final and complete

14  resolution of all disputes between them with respect to the Litigation. The settlement

15  compromises claims which are contested and shall not be deemed an admission by any Settling

16  Party as to the merits of any claim or defense. The Settling Parties agree that the terms of the

17  settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was

18  reached voluntarily after consultation with competent legal counsel and with the assistance of a

19  professional mediator.

20          c.    Neither this Stipulation nor the settlement contained herein, nor any act

21  performed or document executed pursuant to or in furtherance of the Stipulation or the settlement:

22  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of

23  any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be

24  deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of

25  the Defendants in any civil, criminal or administrative proceeding in any court, administrative

26  agency or other tribunal. The Defendants may file the Stipulation and/or the Judgment in any

27  action that may be brought against them in order to support a defense or counterclaim based on

28

-16-                    STIPULATION FOR SETTLEMENT,
                        CASE NO. 2:12-CV-00450

SFACTIVE-902852644.1

Case 2:12-cv-00450-JAM-EFB   Document 54   Filed 01/09/13   Page 26 of 28
Case 2:12-cv-00450-JAM-EFB   Document 50-4   Filed 12/21/12   Page 26 of 28
Case 2:12-cv-00450-JAM-EFB   Document 40-1   Filed 09/26/12   Page 18 of 20

principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

        d.     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.  The parties to the Litigation shall comply with the stipulated protective order (Dkt. No. 29), relating to the disposition of confidential information and documents.

        e.     All of the exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

        f.     The Stipulation and the exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

        g.     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties.  Lead Counsel, on behalf of the Class, is expressly authorized by the Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

        h.     Each counsel or other Person executing the Stipulation or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

        i.     The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures of parties transmitted by facsimile or scanned by e-mail ("pdf") are deemed to be equivalent of original signatures of such parties.

-17-

Case 2:12-cv-00450-JAM-EFB   Document 54   Filed 01/09/13   Page 27 of 28
Case 2:12-cv-00450-JAM-EFB   Document 50-4   Filed 12/21/12   Page 27 of 28
Case 2:12-cv-00450-JAM-EFB   Document 40-1   Filed 09/26/12   Page 19 of 20

1

2          j.      The Stipulation shall be binding upon, and inure to the benefit of, the

successors and assigns of the Parties hereto.

3

4          k.      The Court shall retain jurisdiction with respect to implementation and

enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the

5

Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

6

7          l.      This Stipulation and the exhibits hereto shall be considered to have been

negotiated, executed and delivered, and to be wholly performed, in the State of California, and the

8

rights and obligations of the parties to the Stipulation shall be construed and enforced in

9

accordance with, and governed by, the internal, substantive laws of the State of California without

10

giving effect to that State's choice-of-law principles.

11

12          m.     This Stipulation was drafted with substantial review and input by all

Parties and their counsel, and no reliance was placed on any representations other than those

13

contained herein. The Parties agree that this Stipulation shall be construed by its own terms, and

14

not by referring to, or considering, the terms of any other settlement, and not by any presumption

15

against the drafter.

16

17          NOW, THEREFORE, without any admission or concession on the part of Plaintiffs of any

lack of merit of the Litigation whatsoever, and without any admission or concession on the part of

18

Defendants as to the merit of the Litigation, or as to any liability or wrongdoing whatsoever by

19

Defendants, the foregoing terms are hereby STIPULATED AND AGREED, by and among the

20

Parties, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil

21

Procedure.

22

         Respectfully submitted this 26th day of September, 2012.

23

24

25

26

27

28

                                          -18-                    STIPULATION FOR SETTLEMENT;
                                                                  CASE NO. 2:12-CV-00450

Case 2:12-cv-00450-JAM-EFB   Document 54   Filed 01/09/13   Page 28 of 28
Case 2:12-cv-00450-JAM-EFB   Document 50-4   Filed 12/21/12   Page 28 of 28
Case 2:12-cv-00450-JAM-EFB   Document 40-1   Filed 09/26/12   Page 20 of 20

1    Dated: September 26, 2012                LAW OFFICE OF MARK E. MERIN

2

3                                             By: /s/ "Mark E. Merin"

4                                                 Mark E. Merin
                                                  Attorneys for Plaintiffs
5
     Dated: September 26, 2012                AMERICAN CIVIL LIBERTIES UNION
6                                             FOUNDATION OF NORTHERN CALIFORNIA

7
                                              By: /s/ "Alan Schlosser"
8                                                 Alan Schlosser
                                                  Michael Risher
9                                                 Attorneys for Plaintiffs

10   Dated: September 26, 2012

11
                                              By: /s/ "Meredith Wallis"
12                                                Meredith Wallis
                                                  Attorneys for Plaintiffs
13
     Dated: September 26, 2012                CROWELL & MORING LLP
14

15                                            By: /s/ "J. Daniel Sharp"

16                                                J. Daniel Sharp
                                                  Attorneys for Defendants Katehi, Hexter,
17                                                Wood, and Meyer and The Regents of the
                                                  University of California

18   Dated: September 26, 2012                PORTER SCOTT LLP

19

20                                            By: /s/ "Nancy J. Sheehan"

21                                                Nancy J. Sheehan
                                                  Terence J. Cassidy
22                                                Attorneys for Defendants Katehi, Hexter,
                                                  Wood, and Meyer and The Regents of the
23                                                University of California

24

25

26

27

28

                                        -19-                STIPULATION FOR SETTLEMENT;
                                                            CASE NO. 2:12-CV-00450

SFACTIVE-902852644.1