IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---o0o---

BEFORE THE HONORABLE JOHN A. MENDEZ, JUDGE

---o0o---

ENOSH BAKER, et al., and all
others similarly situated,

    Plaintiffs,

vs.                                              No. Civ. S-12-00450

REGENTS OF THE UNIVERSITY OF
CALIFORNIA,

    Defendant.

_____/

---o0o---

REPORTER'S TRANSCRIPT OF PROCEEDINGS

MOTION HEARING

WEDNESDAY, JANUARY 9, 2013

---o0o---

Reported by:    KATHY L. SWINHART, CSR #10150

1                         APPEARANCES

2

   For the Plaintiffs:
3
           LAW OFFICE OF MARK E. MERIN
4          1010 F Street, Suite 300
           Sacramento, California  95814
5          BY:     MARK E. MERIN

6          AMERICAN CIVIL LIBERTIES UNION
           FOUNDATION OF NORTHERN CALIFORNIA
7          39 Drumm Street
           San Francisco, California  94111
8          BY:     MICHAEL T. RISHER
           and     LAUREN B. DE MARTINI
9

10  For the Defendant:

11         PORTER SCOTT, PC
           350 University Avenue, Suite 200
12         Sacramento, California  95825
           BY:     NANCY JOAN SHEEHAN
13

14

15

16

17

18

19

20

21

22

23

24

25

1                    SACRAMENTO, CALIFORNIA

2              WEDNESDAY, JANUARY 9, 2013, 9:32 A.M.

3                           ---o0o---

4          THE CLERK:  Calling civil S-12-450, Baker, et al.,

5     versus the Regents of the University of California.

6          Counsel, state your appearances, please.

7          MR. MERIN:  Good morning, Your Honor.  Mark Merin with

8     Michael Risher and Lauren DeMartini of the ACLU.

9          THE COURT:  Good morning.

10         MS. SHEEHAN:  Nancy Sheehan from Porter Scott for

11    defendant Regents of the University of California.

12         THE COURT:  All right.  Good morning all of you.

13         This is on this morning for the Court's final approval

14    of the proposed settlement and the entry of judgment in this

15    case as well as the plaintiffs' application for attorney's

16    fees and costs.

17         The Court has reviewed all of the papers submitted.  I

18    did grant preliminary approval of the settlement a few months

19    ago and have reviewed the final submissions.

20         In terms of the final order, let me take up first the

21    application for attorney's fees.

22         Under the application, Mr. Merin, you and other

23    counsel are to receive $250,000, correct?

24         MR. MERIN:  Yes.  That includes costs, Your Honor.

25         THE COURT:  And it's -- as you indicated, I accepted

1   San Francisco Bay Area rates.  And even if I accepted what you
2   have proposed, the Sacramento rates, it's much less than
3   one-half the lodestar.  Actually it's about one-third of the
4   lodestar, correct?
5           MR. MERIN:  Yes, Your Honor.
6           THE COURT:  Okay.  I find the attorney's fees and
7   costs proposal to be more than reasonable.  And the only thing
8   I want to make clear -- and it's for purposes of future cases,
9   and I'm sure you understand this, Mr. Merin and Mr. Schlosser,
10  and I want to make sure the record is clear -- I think the two
11  of you are unique, and I say that intentionally.  Because I
12  don't want this case -- I think Ms. Sheehan knows where I'm
13  going -- to be used in future cases for attorneys who are not
14  as qualified, not as competent and not as experienced as the
15  two of you in awarding attorney's fees.
16          And I mean that in all seriousness and all sincerity.
17  There is only one Mark Merin in Sacramento.  And, Mr.
18  Schlosser, I don't know you as well, but I've seen your
19  credentials.  And the fact that you went to Harvard may be the
20  reason that Mr. Merin was willing to give you a little higher
21  billable rate, I'm not sure, but the two of you obviously
22  deserve the hourly rate that you charge.
23          And, Mr. Merin, if you worked in the Bay Area, I'm
24  sure you would be able to charge a lot more.
25          But, Mr. Schlosser, I'm sure you can appreciate this.

1  Sacramento, if you've litigated up here, is somewhat unique,
2  and the Eastern District is unique.  We don't accept Northern
3  District rates.  And as someone who practiced both in San
4  Francisco and in Sacramento, both districts, I know that you
5  can charge a lot more in the Bay Area.
6         But each case sets a precedent for the next case, and
7  this case is unique.  The two of you are unique, and the two
8  of you certainly deserve the hourly rates that you charge.
9  But from a judge's point of view, there is only one Mark
10 Merin, there is only one Alan Schlosser, and I don't think
11 there are -- there are few, if any, attorneys that can make
12 the argument and would convince this court that an hourly rate
13 at the rate that you've requested -- or not requested, but
14 calculated in your lodestar, that hourly rate is an hourly
15 rate that I would only give and consider giving to the two of
16 you.
17        So when the next person comes along who has only 15
18 years experience and asks for $850 an hour, I want to make
19 sure the record is clear.  And, Ms. Sheehan, you can use this
20 transcript as evidence that I am not setting a precedent here
21 that, from this point forward, all civil rights attorneys on
22 the plaintiff's side will be awarded $580 an hour using the
23 Sacramento rate calculated by Mr. Merin or the $725 hour rate
24 using San Francisco rates.
25        I've gone along with this and find it more than

1   reasonable not only because of the uniqueness of the two of
2   you, but also because of the settlement that was entered into,
3   the work you put into it and the fact that you cut this by
4   more than half, all to your credit.  So there is absolutely no
5   reason, no cause that I can see for denying this attorney's
6   fees request.
7           MR. MERIN:  Thank you, Your Honor.
8           Perhaps I should just make clear that Mr. Schlosser is
9   not present physically.  And Mr. Risher --
10          THE COURT:  I'm sorry.  Mr. Risher --
11          MR. MERIN:  -- is.
12          THE COURT:  -- is sitting next to you.
13          MR. MERIN:  Yes.
14          THE COURT:  Mr. Risher, you may have never heard this
15  from a judge, but you're a little younger --
16          MR. RISHER:  Always welcome to hear.
17          THE COURT:  -- than Mr. Merin and Mr. Schlosser.  Your
18  credentials are as well impeccable based on what I've read.
19          I have awarded, just so you know, in other cases rates
20  of up to $475 an hour.  So without making a determination,
21  again your hourly rate using the Sacramento rate would not be
22  out of line in the Eastern District of California given your
23  experience in this area of the law.
24          Again, you're clearly not as old as Mr. Merin and Mr.
25  Schlosser, but your willingness to also cut the total fee

Case 2:12-cv-00450-JAM-EFB   Document 56   Filed 08/08/14   Page 7 of 13

5

1    certainly leads the Court to conclude that, as part of the
2    overall awarding of fees, you should be included as well.
3            And --
4            MR. RISHER:  Thank you.
5            THE COURT:  -- this is Ms. DeMartini?
6            MS. DE MARTINI:  Yes.
7            THE COURT:  You are, of course, the youngest of
8    everyone.  I'm not shocked by your hourly rate.  You may be
9    and your parents may be.  But, again, I think Mr. Merin
10   realizes your rate is well within what I would consider for
11   someone with your level of experience.
12           It looks like the person that put in the most hours,
13   not only you, Mr. Merin, was Ms. DeMartini, correct?
14           MR. RISHER:  Yes, that is correct.
15           THE COURT:  Both pre-bar and post-bar.
16           And then, Mr. Risher, you had 159 hours.  And then Ms.
17   Wallace also put in a substantial amount of time, correct?
18           MR. RISHER:  Correct.
19           THE COURT:  Who was at the -- which attorneys were at
20   the final settlement or mediation with Judge Ramirez besides
21   yourself, Mr. Merin?
22           MR. MERIN:  All of us were, Your Honor, including Ms.
23   Lye, Linda Lye.
24           THE COURT:  Okay.
25           MR. MERIN:  Oh, I'm sorry.  I'm mistaken.  Ms. Lye was

1  not present, but Novella Coleman was also present.  She's --
2              THE COURT:  She put in a lot of hours, too.
3              MR. MERIN:  Yes.
4              THE COURT:  Okay.  Ms. DeMartini, I'm not sure if you
5  can in the future find such a great case to work on.  For your
6  sake, I do hope that you get the opportunity to continue to
7  work on these types of cases.  But, quite frankly, you may
8  have been spoiled coming right out of law school and working
9  on this.  But, again, I hope that you can continue to work in
10 this area.
11             MS. DE MARTINI:  Thank you.
12             THE COURT:  For all those reasons -- Ms. Sheehan, I'm
13 sure you have no opposition to my comments.  Anything you want
14 to add?
15             MS. SHEEHAN:  No.  I do appreciate the Court's
16 clarification, just on behalf of the defense bar in
17 Sacramento, that this is not a precedent setting rate, and
18 we'll take up the Court's offer to order the transcript.
19             THE COURT:  You and I both know that you and Mr. Merin
20 may have future cases, and we'll deal with those future cases
21 at that time.
22             Okay.  So, I'm not sure, did you submit a proposed
23 order for the attorney's fees or was it included in this
24 proposed final order?
25             MS. SHEEHAN:  It is in the proposed final order.

1       THE COURT:  Okay.
2       MS. SHEEHAN:  That's docket 50 dash --
3       THE COURT:  Right, I have it in front of me.  You
4  didn't submit a separate order just for the attorney's fees,
5  correct?
6       MS. SHEEHAN:  It's in paragraph --
7       THE COURT:  12?
8       MS. SHEEHAN:  -- 11.
9       THE COURT:  And 12.  Okay.  And then the overall
10 settlement, there's no legal basis for not approving the
11 proposed final order.  And let me make these final comments to
12 all of the attorneys and to your clients.
13      The courts are here obviously to get involved in cases
14 such as this, but solutions come from both clients and
15 attorneys.  Fortunately in this case we had experienced
16 attorneys and, it appears to me, reasonable clients that --
17 and maybe I'm wrong in some sense, and the two of you had to
18 twist arms a little more than I realize.  But on behalf of the
19 Court, let me say thank you to all the attorneys for your
20 efforts in getting me and my staff involved as little as
21 possible.
22      These are difficult cases.  And sometimes when you
23 have judges get involved in cases such as this that involve
24 much more than just the incident that gave rise to the
25 complaint, but to bigger issues, societal issues, it gives me

1   comfort to see lawyers such as yourselves get involved and
2   then to work with your clients to reach what I think was a
3   more than reasonable and actually very quick solution to what
4   could have been a very volatile situation.
5           So to the plaintiffs, I give you much credit.  You're
6   all students.  Hopefully this was not only a difficult
7   obviously situation, but an educational experience for you.
8   But also on behalf of the Court, thank you to all of you for
9   being so reasonable and trying to seek the changes that you
10  wanted to see made through your attorneys rather than through
11  an order from this court after hours and hours of hearing and
12  hours and hours of evidence.  It didn't rise to the level of
13  being antagonistic, at least from my point of view, and it
14  didn't involve people digging in their heels.
15          The one question I had, Mr. Merin, is do you have any
16  knowledge or information as to why one person opted out?  I
17  saw the letter, and there wasn't really a reason given.  And
18  should I be concerned that the opt-out is because the person
19  wasn't satisfied, and I may see a lawsuit down the road or --
20          MR. MERIN:  We don't really have any on-the-record
21  indication of reason.  We understand that she has had some
22  connection to the United States District Court --
23          THE COURT:  Ah.
24          MR. MERIN:  -- and may have felt that there was
25  possibly some potential conflict.  That's all I can surmise.

1            THE COURT:  She's an undergraduate?  I'm sorry to
2    interrupt.
3            MS. SHEEHAN:  She's -- she was a law student.  I agree
4    with Mr. Merin, that was my speculation, is I believe she's a
5    recent graduate of King Hall and may have --
6            THE COURT:  Applied.
7            MS. SHEEHAN:  -- interned with one of the district
8    courts or perhaps was seeking a job with the district court.
9            THE COURT:  Oh, okay.  Okay.  But we're sort of
10   speculating.  She actually didn't give you a reason, though?
11           MR. MERIN:  No reason.
12           THE COURT:  Okay.  Ms. Sheehan, on the part of your
13   client, let me also say I think the University did the best
14   job possible in a difficult situation, and it may be in large
15   part because of your counsel in responding to, again, what
16   could have been a very volatile situation.  I found the
17   settlement to be interesting in that the ACLU will stay
18   involved somewhat with the policies of U.C. Davis.  I think
19   that's only a plus, and I want to let your clients know I
20   think that's a positive step, that they're willing to consider
21   that and to make that part of the settlement as opposed,
22   again, to burying their head in the sand and saying nothing
23   happened out there, and we don't need to make changes.  That
24   message should be passed along to your clients as well.
25           So to all of you, my thanks and my appreciation for

1   getting this resolved so quickly and so fairly to both sides.
2          With that, I will sign the final order, enter
3   judgment, and wish all of you good luck.  And I'm sure I'll
4   see you all again sometime down the road.
5          Any questions?
6          MR. MERIN:  No, Your Honor.  Thank you very much.
7          THE COURT:  Okay.  Thank you very much.
8          MR. RISHER:  Thank you.
9          MS. DE MARTINI:  Thank you.
10         (Proceedings were concluded at 9:45 a.m.)
11                          ---o0o---
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1        I certify that the foregoing is a correct transcript
2   from the record of proceedings in the above-entitled matter.
3
4
                           /s/ Kathy L. Swinhart
5                          KATHY L. SWINHART, CSR #10150

KATHY L. SWINHART, OFFICIAL COURT REPORTER, USDC -- (916) 446-1347